463 So.2d 349 (1985)
TIFFANY SANDS, INC., Appellant,
v.
Vladimir MEZHIBOVSKY, Appellee.
No. 84-1909.
District Court of Appeal of Florida, Third District.
January 15, 1985.
Rehearing Denied February 26, 1985.
*350 Sparber, Shevin, Shapo & Heilbronner and Jeffrey M. Weissman and Brian S. Dervishi, Miami, for appellant.
Smith & Mandler and Jonathan A. Heller, Miami Beach, for appellee.
Before HUBBART, BASKIN and FERGUSON, JJ.
PER CURIAM.
This appeal is from an order denying a preliminary injunction to enforce a non-competition provision of an employment contract. We reverse.
In January, 1984, appellant and appellee executed an employment agreement whereby appellee would work as a hair stylist in appellant's beauty salon. The employment agreement consisted of two pages of single-spaced typewritten text and contained a non-competition clause. This pertinent clause is paragraph 17 which provides:
In the event the Stylist shall depart the Salon, for any reason at any time, he shall be limited for a period of twelve months from becoming affiliated, associated or employed in any manner with another Salon within a five mile radius of this Salon. Violation of this provision shall be grounds for injunctive relief, anything to the contrary herein notwithstanding.
Subsequently, appellee was discharged by his employer ostensibly "for cause." Appellee, however, claims that the discharge constituted a material breach of the employment agreement.
On the day following appellee's termination, the employer brought this action seeking injunctive relief to enforce the non-competition clause of the agreement, alleging that appellee was actively soliciting employment with another salon in violation of the agreement and that he would suffer future monetary damages unless an injunction was granted. Appellee counterclaimed, seeking damages equal to compensation allegedly due from the employer under the contract. The trial court entered an ex parte temporary restraining order enjoining appellee from competing with his employer. The order was twice continued until the preliminary injunction hearing. Both sides presented testimony at the hearing, after which the trial court denied the preliminary injunction without explanation. The employer appeals.
The contention here is that the non-competition provision is reasonable and was intended by its clear terms to be effective upon termination of the employment, independent of any claim the employee may have against the employer arising out of the relationship. Indeed, it is not seriously disputed that the non-competition clause is reasonable on its face. See § 542.33(2), Fla. Stat. (1983). The main arguments made by appellee are that (1) the word "depart" as used in the non-competition provision does not apply where the appellee did not leave voluntarily but was wrongfully terminated; (2) the clause is unenforceable where the employer has materially breached the employment agreement; and (3) the remedy of a preliminary injunction is inappropriate because irreparable injury was not established.
We need address only this latter contention, as the purpose of a temporary *351 injunction is not to resolve a dispute on the merits, but rather to preserve the status quo until the final hearing when full relief may be granted. See Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla. 3d DCA 1982), rev. denied, 434 So.2d 887 (Fla. 1983). The narrow question before this court is whether the employer has made a showing, reasonably free from doubt, that a temporary injunction is necessary to prevent great and irreparable harm. See, e.g., Hotelerama Associates, Ltd. v. Bystrom, 449 So.2d 836 (Fla. 3d DCA 1984); Sackett v. City of Coral Gables, 246 So.2d 162 (Fla. 3d DCA 1971).
The record here supports the conclusion that the employer will suffer irreparable harm if the preliminary injunction is not granted. The employer testified at the hearing that he has suffered damages from appellee's solicitation of employment in direct competition, and that he will continue to suffer future monetary injury as well as injury to the salon's goodwill and business reputation, which is a sufficient showing to support the enforcement of the non-competition agreement. See Puga v. Suave Shoe Corp., 374 So.2d 552 (Fla. 3d DCA 1979); see generally Capelouto v. Orkin Exterminating Company of Florida, 183 So.2d 532 (Fla.), appeal dismissed, 385 U.S. 11, 87 S.Ct. 78, 17 L.Ed.2d 10 (1966) (Florida courts are committed to the enforcement of non-competition agreements because of the uniqueness and difficulty in proving money damages); Suave Shoe Corp. v. Fernandez, 390 So.2d 799 (Fla. 3d DCA 1980) (same).
The trial judge was not obligated to pass on the merits of the case, and neither do we. The holding here is only that based on the pleadings and the evidence produced at the hearing on the motion for preliminary injunction, the employer is entitled to equitable relief. Of course, our decision here does not foreclose a contrary result after a full hearing on the merits. See Ladner, 423 So.2d at 929.
Reversed and remanded with instructions to enter a preliminary injunction.