597 So.2d 801 (1992)
Henry A. GRANT, and Computer Career Connections, Inc., Appellants,
v.
ROBERT HALF INTERNATIONAL, INC., successor in interest to Robert Half of Florida, Inc., Appellee.
No. 91-2867.
District Court of Appeal of Florida, Third District.
April 14, 1992.
Rehearing Denied June 2, 1992.
Koltun & Greenberg, and Stewart G. Greenberg, for appellants.
Epstein Becker & Green, and Donald M. Papy, for appellee.
Before LEVY, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellants, Henry A. Grant (Grant), and Computer Connections, Inc., appeal a temporary injunction granted in favor of appellee, Robert Half International, Inc. (Robert Half). We affirm.
Grant entered into an employment contract with Robert Half, an executive recruiting firm and employment agency. The employment contract contained the following covenant not to compete:
In view of Employee's access to confidential information and trade secrets of the RHI Companies and in consideration of the value of such property to the RHI Companies, for a period of twelve (12) months after termination of Employee's employment with any of the RHI Companies, Employee agrees that he or she shall not directly or indirectly, own, manage, operate, control, be employed by, participate in, or be connected in any manner with the ownership, management operation or control of, any competing executive recruiting firm, employment agency or temporary personnel service business in any part of the area encompassed within the radius of fifty (50) miles from any office of any of the RHI Companies in which Employee has worked... .
After being terminated, Grant started his own recruiting firm, Computer Career Connections, Inc., and began soliciting clients of Robert Half. Robert Half sued Grant, alleging violation of the covenant not to compete. Robert Half, thereafter, obtained a temporary injunction enjoining Grant from competing with Robert Half.
Grant contends that this covenant not to compete is unreasonable because it seeks to restrain competition per se, and does not seek to protect a legitimate business interest. Robert Half asserts that irreparable harm is presumed under the appropriate statute, and that irreparable harm including use of customer lists, solicitation of existing customers, and harm to reputation, was proved.
The purpose of a temporary injunction is not to resolve a dispute on the *802 merits, but rather to preserve the status quo until the final hearing when full relief may be granted. Tiffany Sands, Inc. v. Mezhibovsky, 463 So.2d 349 (Fla. 3d DCA 1985); see also Ladner v. Plaza Del Prado Condominium Association, Inc., 423 So.2d 927 (Fla.3d DCA 1982), review denied, 434 So.2d 887 (Fla. 1983). The narrow issue before this court is whether the employer has made a showing that a temporary injunction is necessary to prevent great and irreparable harm. Tiffany Sands, Inc. v. Mezhibovsky, 463 So.2d at 351.
Robert Half has demonstrated irreparable harm due to Grant's solicitation of Robert Half's clients, as well as injury to Robert Half's goodwill and business reputation. While we affirm the granting of the temporary injunction, we do not decide the ultimate outcome of the dispute pending before the trial court. See Tiffany Sands, Inc. v. Mezhibovsky, 463 So.2d at 351.
Affirmed.