PALMER, J.
In this consolidated appeal, Neil Meyers and Jared Meyers appeal (1) the trial court’s order denying their motion to dissolve a temporary injunction (Case No. 5D01-1861); and, (2) the trial court’s order granting The Club at Crystal Beach Club’s motion to vacate a stipulation (Case No. 5D01-3086). Concluding that the record fails to establish that the trial court abused its discretion or otherwise erred in entering these orders, we affirm.
The record reveals that over the last 20 years Neil Meyers, his brother Hillel Meyers, and Robert Kaplus formed various timeshare corporations, each owning shares in said corporations. During the course of their business relationships the parties exchanged allegations of inappropriate management, subterfuge, and misappropriation of corporate assets. By May 1999, this contentious conduct between the three businessmen led Kaplus and Neil Meyers to join forces and to *1088 privately execute a shareholder agreement wherein they agreed to vote their respective stock as a unified block. This agreement gave them control of the corporations. The shareholder agreement was written by Neil Meyer’s son, Jared, and read as follows:
SHAREHOLDER AGREEMENT
This document, entered into on May 24, 1999, by and between Robert A. Kaplus (Kaplus) and Dr. Neil S. Meyers (Meyers), serves as an agreement to vote as a unified block with their specific ownership of stock in the following entities, but not limited to the following: Star Island Development Corp., First Continental Corporation, First Leisure Corporation, First Jefferson Corporation, Star Island Management Co., Florida Fun Attractions Inc., Florida Fun Spots Inc., Twin Lakes II, and other similarly held entities. Based upon Kaplus and Meyers agreeing to indemnify each other in transactions relating to these entities and affiliate entities subject to a settlement between the parties for past opportunities and compensation due to Kaplus.
Thereafter, pursuant to the terms of the shareholder agreement, Kaplus and Neil Meyers reorganized the corporations and made many other corporate decisions.
About a year after the shareholder agreement was signed, Neil and Hillel Meyers’ father died. Their father’s death led the brothers to attempt to reconcile their personal and business relationships. This attempt included the execution of a shareholder agreement by the brothers. Said agreement was placed in escrow but was later withdrawn and never invoked by either brother. However, when Kaplus became aware of the negotiations between the brothers and of their shareholder agreement, he apparently feared that he would soon be the “odd man out”, and thus was receptive when Hillel Meyers approached him with an offer to change sides and to form an alliance with him.
Once the new alliance between Kaplus and Hillel Meyers was formed, Kaplus fired Neil Meyers, Jared Meyers, and Rodney Infante from their positions as corporate officers. In response, Neil Meyers changed the locks on the doors to the corporate offices and refused to surrender his corporate authority.
Kaplus and Hillel Meyers thereafter filed a verified complaint seeking a declaratory judgment, injunctive relief, and money damages. Their complaint alleged that Neil Meyers, Jared Meyers, and Rodney Infante had improperly refused to relinquish corporate property, and that Neil Meyers had engaged in corporate misconduct.
Based on the allegations set forth in the verified complaint, the trial court entered an ex parte temporary injunction enjoining Neil Meyers, Jared Meyers, and Rodney Infante from occupying the executive offices, from acting as officers, directors, or employees of the corporations, and from interfering with lenders or withdrawing money from corporate accounts. In granting the motion for temporary injunctive relief the trial court made a finding that there was an immediate and present danger of irreparable harm. In addition to issuing the temporary injunction, the trial court entered a separate order directing Kaplus and Hillel Meyers to file a stipulation which provided that, pending further order of the court, they would not use corporate assets for dividends or extraordinary payments to shareholders, nor sell or convey any corporate property.
Neil Meyers responded to the temporary injunction by filing an emergency motion to dissolve. The motion alleged that his May 1999 stockholder agreement with Kaplus required Kaplus to vote with him regarding all corporate decisions and thus *1089 precluded him from aligning with Hillel Meyers and voting to take over control of the corporations.
The trial court conducted a six-day evi-dentiary hearing on the pending motion to dissolve. During the course of the hearing Hillel Meyers and Kaplus argued, among other things, that the shareholder agreement between Neil Meyers and Kaplus was unenforceable. Upon review of the evidence presented, the trial court denied the motion to dissolve concluding that in-junctive relief was warranted because an immediate and present danger of irreparable harm existed. The court further ruled that the May 1999 shareholder agreement between Neil Meyers and Kaplus was an unenforceable contract. Neil Meyers filed a timely appeal from that order.
While that appeal was pending, Hillel Meyers and Kaplus filed, in the trial court, a motion to vacate the stipulation which required them to refrain from distributing corporate assets or conveying corporate property. The trial court granted the motion.[1] Neil Meyers filed a separate appeal from that order. The two appeals were subsequently consolidated by this court, sua sponte.

Appeal in Case No. SD01-1861

Neil Meyers argues that the trial court abused its discretion in denying his motion to dissolve the temporary injunction. We find no such abuse.
In considering a request for injunction, the trial court has wide discretion to either grant, deny, dissolve, or modify a temporary injunction, and an appellate court will not intercede unless the aggrieved party clearly shows an abuse of discretion. Knox v. Dist. Sch. Bd. of Bre-vard, 821 So.2d 311 (Fla. 5th DCA 2002); Vargas v. Vargas, 771 So.2d 594 (Fla. 3d DCA 2000).
In its final order denying the motion to dissolve the temporary injunction, the trial court found that the shareholder agreement between Neil Meyers and Kaplus was unenforceable and invalid for the following reasons:
(1) The agreement was impermissibly vague, uncertain, and indefinite; (2) the agreement was subject to a condition precedent which never occurred; (3) the agreement was never intended to be a binding contract; (4) even if the contract were intended to be binding, the agreement was unenforceable because Kaplus was fraudulently induced to sign it; and (5) even if the document was intended to be a binding agreement Neil Meyer, by his conduct and words, breached the agreement and thereby excused Kaplus from further performance, repudiated the agreement and thereby excused Ka-plus from further performance, failed to treat and regard the agreement as valid and enforceable and as a result is es-topped from claiming it is enforceable, and/or terminated the purported agreement.
Neil Meyers challenges this ruling essentially arguing that the evidence of record fails to support it. However, our independent review of the evidence found support for each of the trial court’s conclusions.
Neil Meyers also challenges the trial court’s entry of the temporary injunction, arguing that the ruling failed to maintain the status quo and instead effectuated a corporate mutiny. We again disagree.
Rule 1.610(a)(2) of the Florida Rules of Civil Procedure provides:
Rule 1.610. Injunctions
*1090 (a) Temporary Injunction.
[[Image here]]
(2)No evidence other than the affidavit or verified pleading shall be used to support the application for a temporary injunction unless the adverse party appears at the hearing or has received reasonable notice of the hearing....
Fla. R. Civ. P. 1.610(a)(2).
Here, since Hillel Meyers and Ka-plus swore in their verified complaint to the fact that they were the majority shareholders and directors of the corporations, in order to preserve the status quo the court was required to recognize their authority to run the corporations. Additionally, the allegations set forth in the verified complaint established that Hillel Meyers and Kaplus possessed a clear legal right to maintain control of the corporations. Thus, the trial court properly denied Neil Meyers’ motion to dissolve.
Next, Neil Meyers contends that it was reversible error for the trial court to utilize, as its written order, a document prepared by opponent’s counsel. Specifically, he challenges the fact that the trial court directed opponent’s counsel to draft a written order memorializing the court’s oral pronouncements set forth on the record at the conclusion of the temporary injunction hearing. We find no error.
In Thomas v. Thomas, 781 So.2d 540 (Fla. 5th DCA 2001), this court explained that it is not error for a trial judge, who possesses current knowledge of the trial proceedings, to request a party’s attorney to prepare a proposed judgment in order to expedite finalization of the matter. Thus, the trial court did not err in directing counsel to draft an order in this case.

Appeal in Case No. 5D01-3086

Neil Meyers next challenges the trial court’s order vacating the stipulation which had prohibited Hillel Meyers and Kaplus from using corporate assets and conveying corporate property. During the hearing on Hillel Meyers and Kaplus’ motion to vacate the stipulation, the trial court explained its ruling as follows:
The stipulation that I exacted from the petitioner in this case was one that I thought was appropriate because it was an injunction sought without notice— without notice to the other side to freeze assets that were in a bank account and a million-dollar payment at that time, and so I took the extraordinary step of requiring of them a stipulation, essentially a stipulation with the Court, that there would be certain reporting requirements and certain restriction on the conduct of the business activity of the corporation, although I did not order a receivership. So the Court, as I see it, is without authority to govern the management of the corporation without having placed the company into receivership, which at this point hasn’t been requested that I do.
[[Image here]]
I’m going to grant the motion to vacate that stipulation. I don’t vacate the injunction that was entered, I am vacating the stipulation that I required as a condition of the ex parte order. All parties are now noticed and represented, and so there is no longer a need for that.
We find no abuse of discretion in the court’s ruling.
Appeal in Case No. 5D01-1861 is AFFIRMED.
Appeal in Case No. 5D01-3086 is AFFIRMED.
COBB and SHARP, W., JJ., concur.

. See Fla. R.App. P. 9.130(f)(stating that, in the absence of a stay, during the pendency of appellate review of a non-final order the lower tribunal may proceed with all matters; provided that the lower tribunal not render a final order disposing of the cause).