855 So.2d 212 (2003)
Phyllis MONTVILLE and Maxine Starnes, Appellants,
v.
MOBILE MEDICAL INDUSTRIES, INC., a Delaware corporation, f/k/a Mobile Medical Industries, LLC, Appellee.
No. 4D02-5014.
District Court of Appeal of Florida, Fourth District.
September 24, 2003.
*214 Daniel S. Rosenbaum and Laurie Stilwell Cohen of Becker & Poliakoff, P.A., West Palm Beach, for appellants.
Ronald M. Gache and Jeremy E. Slusher of Broad & Cassel, West Palm Beach, for appellee.
OWEN, WILLIAM C., JR., Senior Judge.
Appellants, former employees of appellee corporation, were temporarily enjoined from competing with appellee for a period of time pursuant to provisions of their respective employment agreements. On this non-final appeal from the injunction, appellants' sole issue is the alleged inadequacy of the bond required of appellee. Appellee's cross-appeal asserts error in limiting the duration of the injunction, as to appellant Starnes, to a period of time less than that required by her written employment agreement. We affirm as to both the appeal and the cross-appeal but limit our discussion to the former.
Appellant Phyllis Montville was President, and appellant Maxine Starnes was Regional Administrator, of the home health care division of appellee corporation. Both Montville and Starnes signed non-competition, non-solicitation agreements with appellee in October 2001. The agreements provided that after employment was terminated, unless termination was without cause, the employee would neither compete with appellee, nor solicit appellee's personnel or referral sources, for a period of twelve months after termination. In July 2002, Starnes voluntarily resigned. The following month Montville was fired, allegedly for cause.
Appellee filed this lawsuit in October 2002, seeking injunctive relief and damages based on its assertions that both Montville and Starnes had assisted a competitor in forming a new, competing home health care business in Palm Beach County and, on behalf of the competitor, had solicited, and was continuing to solicit, appellee's personnel and its referral sources, contrary to the terms of their respective agreements. The court held an evidentiary hearing. Relevant to this appeal, Montville testified that although she had earned approximately $300,000 per year while working for appellee, she had not worked since being fired three months previously but was continuing to receive her base salary from appellee. Starnes testified that she was earning $75,000 per year in her new position as Administrator for the competitor concern. The court entered temporary injunction, conditioned upon appellee posting bond in the amount of $50,000, enjoining Starnes from competing with appellee for a period of three months, and from soliciting appellee's personnel or *215 referral sources for a period of six months, to run from the date of the order.[1]
Appellants acknowledge that the trial court is generally afforded discretion in setting the amount of bond for a temporary injunction entered pursuant to Rule 1.610(b), Fla R. Civ. P, and that abuse of discretion is the standard of review of the grant or denial of a temporary injunction. See Net First Nat'l Bank v. First Telebanc Corp., 834 So.2d 944 (Fla. 4th DCA 2003); Banyan Lakes Home Owners Assn. v. Sch. Dist. of Palm Beach County, Florida, 823 So.2d 247 (Fla. 1st DCA 2002). They argue, however, that the statutory language of section 542.335(1)(j), Florida Statutes (2002), which specifically relates to enforcement of covenants restricting competition, removes the court's discretion in setting bond for a temporary injunction enforcing a restrictive covenant. That is so, appellants argue, because the rule requires bond in an amount the court deems proper, whereas the statute requires a proper bond. While ingenuity in practicing the art of advocacy should not be discouraged, we must certainly give this argument a failing grade. The language of the rule is substantively indistinguishable from the language of the statute. Both simply require a proper bond, set by the court in the exercise of its sound judicial discretion. We hold that the standard of review of an order granting a temporary injunction under the statute is precisely the same as the standard of review of the grant or denial of any temporary injunction.
Without question, the purpose of the bond required as a condition to issuance of a temporary injunction is to provide a sufficient fund to cover the adverse party's costs and damages if the injunction is wrongfully issued. Richard v. Behavorial Healthcare Options, Inc. 647 So.2d 976 (Fla. 2d DCA 1994). Damages include attorney's fees and court costs. Town of Davie v. Sloan, 566 So.2d 938 (Fla. 4th DCA 1990). Since the damages recoverable for a wrongfully issued injunction are ordinarily limited to the bond, Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018 (Fla.1989), the bond initially set by the court constitutes the court's determination of the foreseeable damages based on the good faith representations that are before it. Id, at 1021. Appellants contend their foreseeable damages,[2] including their combined loss of salary and attorney's fees and costs, having been shown to be at least $400,000, the court *216 abused its discretion in setting bond in the amount of $50,000.
We conclude no clear abuse of discretion has been demonstrated. Appellants' argument in reference to the amount of their foreseeable salary loss fails to take into account such mitigating factors as the payments of base salary appellee continued to make to Montville, the reduced time restraints placed on Starnes, the possibilities of employment opportunities in non-competitive areas, and so on. Additionally, while foreseeable damages are considered a major factor in setting temporary injunction bond, the court is permitted to consider factors other than the anticipated damages and costs, including the adverse party's chances of overturning the temporary injunction. See Longshore Lakes Joint Venture v. Mundy, 616 So.2d 1047 (Fla. 2d DCA 1993). Here, although the court did not explicitly so state, it appears likely that the court properly took into consideration the unlikelihood of appellants' overturning the temporary injunction. Finally, and weighing heavily in according deference to the trial court's discretion in these matters, is the recognition that the trial court's initial determination is often necessarily based upon speculative matters and should subsequent events prove the bond amount to be either insufficient or excessive, an affected party is free to move for modification. See Parker, 544 So.2d at 1021.
AFFIRMED.
STONE and HAZOURI, JJ., concur.
NOTES
[1] Montville was similarly enjoined, but for a period of twelve months. The cross-appeal does not involve the duration of the restraint on her.
[2] Appellee cites Spradley v. Old Harmony Baptist Church, 721 So.2d 735 (Fla. 1st DCA 1998) for the proposition that because appellants directly appealed the injunction order without first bringing before the trial court a motion to dissolve under Rule 1.610(d), the appellate court is precluded from inquiry into factual matters presented at the evidentiary hearing. An examination of the cases recognizing such limitation on appellate review, which can be traced back to Hotel-Motel, Restaurant Employees & Bartenders Union, Local 339 of Broward County v. Black Angus of Lauderhill, Inc., 290 So.2d 479 (Fla. 1974), discloses that each involved a temporary injunction entered without notice and the defendant elected to forego the opportunity to present evidence before the trial court by failing to file a motion to dissolve. Thus, in those cases the only matters to be considered on direct appeal were the legal sufficiency of the pleadings and the supporting affidavits, and whether the lower court complied with the requirements of law. However, in cases such as the one now before us, where there has been a full evidentiary hearing after notice (and a timely filed motion for rehearing, as well), the Black Angus proposition has no applicability.