942 So.2d 992 (2006)
KAILIN HU, Jack Johnson, Allen Edelberg, Appellants,
v.
HAITIAN HU, Appellee.
No. 5D06-308.
District Court of Appeal of Florida, Fifth District.
December 1, 2006.
Stephen G. Murty, Ocala, for Appellants.
*993 Thomas Johnson and Pamela Hubbell Cazares of Chamblee, Johnson & Haynes, P.A., Brandon, and Xiao Bing Xu of the Law Offices of X. Bing Xu, Orlando, for Appellee.
PALMER, J.
In this non-final appeal, defendants Kailin Hu (Kai), Jack Johnson, and Allen Edelberg challenge the trial court's non-final order granting plaintiff Haitian Hu's motion for an ex parte temporary injunction.[1] Having determined that the complaint and supporting affidavits were legally insufficient to support the entry of a temporary injunction without notice, we strike the temporary injunction order.
Haitian Hu (Haitian) filed suit against the defendants alleging claims for enforcement of a distribution agreement, declaratory judgment, damages, account stated, breach of fiduciary duty, theft and conversion, conspiracy, and tortious interference with advantageous business relations. In the complaint, Haitian alleges that he is the 60% majority shareholder in Playcom, Inc., a Florida corporation which imports and distributes computer game accessories. Kai is Haitian's daughter, and she is a 40% shareholder in Playcom. The complaint alleges that the two remaining defendants are Kai's roommates.
The complaint further alleges that Haitian is the owner of a factory located in China which produces computer game accessories and that he provided all of the financial backing for Playcom so that it would operate as a distributor of his product line in Florida. The complaint states that Haitian discovered that Kai was misappropriating corporate funds for her personal use, that Kai refused Haitian's requests for periodic accountings of Playcom's financial reports, and that she refused to allow Haitian access to the corporate books. The complaint avers that, in an effort to reach an agreement, the parties decided to separate their interests in Playcom. After negotiating, the parties executed a Distribution Agreement. Said agreement purportedly set forth a distribution of Playcom's corporate assets, including inventory and goods that were in the process of being shipped from China to Florida.
The complaint alleges that Kai later changed her mind and wanted to alter the terms of the parties' Distribution Agreement by demanding more money. When the parties could not reach an agreement, Kai called the police who then issued a notice of trespass warning against Haitian. The complaint avers that Haitian was not permitted to enter Playcom's corporate premises nor have access to its corporate assets.
The complaint also avers that two containers of goods shipped to Playcom from China arrived at Playcom, and the defendants unloaded the containers instead of delivering them to Haitian. The complaint alleges that Haitian feared that the defendants would sell the contents of the two containers without making payments which are due him. The complaint further avers that the contents of the two containers were intended for sale during the Christmas season and that, "if not sold within the Christmas season, would lose their value".
After filing his complaint, Haitian filed a motion seeking an ex parte temporary injunction. In the motion, Haitian incorporated all of the allegations set forth in his complaint, and then he alleged that the *994 defendants were selling the goods which he had shipped from China to Playcom without paying Haitian for them. The motion alleged that the goods would lose their value if not recovered by Haitian and sold within the Christmas season, and that any advance notice to the defendants of a hearing on his injunction motion would allow the defendants to further deplete Playcom's inventory. Attached to the motion was an affidavit authored by Haitian.
Upon review of Haitian's filings, the trial court issued an ex parte injunction granting Haitian temporary injunctive relief. Among other things, the injunction order directed the defendants to immediately deliver to Haitian the goods described in the parties' Distribution Agreement, to peacefully surrender to Haitian the current business premises as well as all corporate records, and to cease from interfering with Haitian's property or dissipating corporate assets. The order also voided the trespass notice issued against Haitian, and ordered Haitian to post a $10,000.00 bond. The defendants filed a timely appeal from the injunction order.
The defendants argue that the trial court erred in granting Haitian's motion for an ex parte temporary injunction. We agree.
"The purpose of a temporary or preliminary injunction is not to resolve disputes, but rather to prevent irreparable harm by maintaining status quo until a final hearing can occur when full relief may be given." Michele Pommier Models, Inc. v. Diel, 886 So.2d 993, 996 (Fla. 3d DCA 2004)(citing to Grant v. Robert Half Int'l., Inc., 597 So.2d 801 (Fla. 3d DCA 1992)). "A preliminary injunction is an extraordinary remedy which should be granted only if the party seeking the injunction establishes the following criteria: (1) the likelihood of irreparable harm; (2) the unavailability of an adequate remedy at law; (3) substantial likelihood of success on the merits; and (4) consideration of the public interest." Dragomirecky v. Town of Ponce Inlet, 882 So.2d 495 (Fla. 5th DCA 2004)(citing to Yardley v. Albu, 826 So.2d 467, 470 (Fla. 5th DCA 2002)). Rule 1.610 of the Florida Rules of Civil Procedure provides in relevant part:
Rule 1.610. Injunctions
(a) Temporary Injunction.
(1) A temporary injunction may be granted without written or oral notice to the adverse party only if:
(A) it appears from the specific facts shown by affidavit or verified pleading that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
(B) the movant's attorney certifies in writing any efforts that have been made to give notice and the reasons why notice should not be required.
Where, as here, a party that is subject to a temporary injunction chooses to file a direct appeal, rather than filing a motion to dissolve the injunction, the scope of appellate court review is limited to the legal sufficiency of the trial court's order, the complaint, and any supporting affidavits which formed the basis for the court's order. Yardley v. Albu, 826 So.2d 467 (Fla. 5th DCA 2002). Applying this standard of review to the instant case, we conclude that the instant injunction order must be stricken because Haitian's pleadings were legally insufficient to justify the imposition of ex parte temporary injunctive relief since the pleadings fail to demonstrate that irreparable harm would be sustained by Haitian if proper notice and an opportunity to be heard were provided to the defendants prior to the imposition of injunctive relief.
*995 The only injuries sought to be avoided by the imposition of an ex parte injunction were the threatened loss of inventory/goods and the improper dissipation of Playcom's assets. Such injuries fail to qualify as irreparable harm since they are capable of being quantified for the purpose of imposing an award of money damages. Haitian's filings indicate that the instant controversy is basically a financial dispute between Haitian and his daughter concerning the dissolution of their Playcom business. Haitian's pleadings do not set forth any allegation of an imminent harm such as a breach of an enforceable restrictive covenant or a misappropriation of trade secrets or customer lists. Therefore, the trial court's ex parte injunction order must be stricken. See Jefferies & Co., Inc., v. Int'l Assets Holding Corp., 830 So.2d 256 (Fla. 5th DCA 2002)(holding that trial court erred in granting ex parte temporary injunction prohibiting marketing activities of defendant company because there had been no showing that plaintiff company would likely suffer irreparable harm or lacked an adequate remedy at law).
The temporary injunction order is STRICKEN.
THOMPSON and LAWSON, JJ., concur.
NOTES
[1] Appellate jurisdiction is proper pursuant to rule 9.130(a)(3)(B) of the Florida Rules of Appellate Procedure which authorizes appeals from non-final orders which "grant, continue, modify, deny, or dissolve injunctions, or refuse to modify or dissolve injunction".