963 So.2d 896 (2007)
Christine THOMAS, M.D., Appellant,
v.
OSLER MEDICAL, INC., Appellee.
No. 5D06-2529.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
*898 Craig M. Rappel, of Rappel Health Law Group, P.L., Vero Beach, for Appellant.
H. Gregory McNeill and Stephanie A. Begy of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee.
SAWAYA, J.
Christine Thomas appeals the order denying her motion to dissolve a temporary injunction that prohibited her from engaging in the practice of medicine in violation of a covenant not to compete she had entered into with her former employer, Osler Medical, Inc. Because we do not believe that the trial court abused its discretion in denying the motion to dissolve the injunction, we affirm.
The covenant not to compete, which is part of a broader employment contract entered into between Thomas and Osler, provides:
During the term of this Agreement and for a period of two (2) years following the termination of this Agreement, the Physician agrees not to engage in the practice of medicine, or to be a shareholder, partner, employee or agent of any entity in the practice of medicine, within a ten (10) mile radius of Physician's primary practice location.
The employment agreement also prohibited Thomas from soliciting, directly or indirectly, any of Osler's patients or employees for a period of two years following termination of the agreement.
After working for Osler for approximately two years, Thomas terminated her employment and, within a span of a few days, she moved out of the third floor office she had occupied while employed by Osler, moved into her new office on the first floor of the same building, began practicing medicine at that location, hired three former Osler employees to work for her, and began providing medical services to patients she had cared for while employed at Osler. The trial court found that within a matter of a few months after Thomas terminated her employment, she had accumulated the files of 517 former Osler patients. Further discussion of the facts is not necessary. Suffice it to say *899 that at the conclusion of a three-day evidentiary hearing, the trial court entered a temporary injunction at the behest of Osler prohibiting Thomas from violating the terms of the employment agreement, particularly the terms of the covenant not to compete.[1]
The trial court set bond, Thomas posted the bond, and rather than appeal the order granting the temporary injunction, which she had the right to do, see Fla. R.App. P. 9.130(a)(3)(B), Thomas filed a motion to dissolve the injunction. The trial court entered an order denying that motion, and it is from this order that Thomas appeals. Our standard of review in determining whether a trial court properly refuses to dissolve a temporary injunction is abuse of discretion. Meyers v. Club at Crystal Beach Club, Inc., 826 So.2d 1086, 1089 (Fla. 5th DCA 2002); Knox v. Dist. Sch. Bd. of Brevard, 821 So.2d 311 (Fla. 5th DCA 2002).
When a motion to dissolve is directed to a temporary injunction entered after notice and a hearing, the moving party must establish that a change in conditions justifies the dissolution. Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997); McCahill v. Braishfield Assocs., Inc., 661 So.2d 399 (Fla. 5th DCA 1995). If the matters raised in the motion to dissolve either were raised or could have been raised during the contested hearing to determine the initial request for the injunction, a trial court does not abuse its discretion in denying the motion. Pecora v. Pecora, 697 So.2d 1267, 1269 n. 3 (Fla. 5th DCA 1997). Hence, "an injunction with notice should only be dissolved where the facts have changed to the point that equity dictates the injunction is no longer needed." City of Ormond Beach v. City of Daytona Beach, 794 So.2d 660, 662 (Fla. 5th DCA 2001). Here, the trial judge found that Thomas presented nothing new in her attempt to dissolve the temporary injunction when he declared that "we're plowing plowed ground." Accordingly, the motion to dissolve was properly denied.
It is clear from Thomas's brief that she moved to dissolve the temporary injunction, rather than filing a direct appeal of the injunction, based upon her reliance on the statement in Yardley v. Albu, 826 So.2d 467, 469 (Fla. 5th DCA 2002), that "when the party against whom a preliminary injunction is entered does not file a motion to dissolve the injunction pursuant to rule 1.610(d) prior to the direct appeal, the appellate court may not inquire into the factual matters presented; instead, the court's inquiry is limited to the legal sufficiency of the trial court's order, the complaint, and any supporting documents." She was apparently operating under the belief that if she did not file the motion first, the consequence on appeal would be that this court would not address the factual sufficiency underlying the injunction. Although we certainly understand why the language in Yardley would lead Thomas to reach the conclusion she did, she is wrong, and we recognize that we should clarify when a motion to dissolve should be filed to allow appellate review of the factual underpinnings of a temporary injunction.
Pursuant to rule 1.610, Florida Rules of Civil Procedure, in certain circumstances, a temporary injunction may be granted on an ex parte basis without notice and an evidentiary hearing. See Florida High Sch. Activities Ass'n, Inc. v. Benitez, 748 So.2d 358 (Fla. 5th DCA *900 1999). In this instance, the trial court decides whether to issue the temporary injunction based on the pleadings and affidavits before it. Conversely, notice followed by an evidentiary hearing may precede the issuance of a temporary injunction, and in such an instance, the trial court relies on the testimony presented along with other appropriate evidence to determine whether to grant or deny the injunction. See Montville v. Mobile Med. Indus., Inc., 855 So.2d 212 (Fla. 4th DCA 2003).
In cases where the enjoined party takes a direct appeal from an ex parte injunction and does not file a motion to dissolve, in which instance there obviously is no factual record to be reviewed on appeal because there has been no evidentiary hearing,[2] the appellate court is constrained to review only the legal sufficiency of the order, the complaint, and any supporting documents. Hotel-Motel, Rest. Employees & Bartenders Union, Local 339 v. Black Angus of Lauderhill, Inc., 290 So.2d 479, 482 (Fla.1974) ("[A] defendant may take an interlocutory appeal from an order issuing a temporary injunction without notice and seek review of the legal sufficiency of the complaint and supporting affidavits. The appellate court may not review the factual matters unless a motion to dissolve is filed and a hearing held."); Lewis v. Sunbelt Rentals, Inc., 949 So.2d 1114, 1115 (Fla. 2d DCA 2007) (citing Fla. High Sch. Activities Ass'n v. Marsonek, 805 So.2d 868, 869 (Fla. 2d DCA 2001)); Kailin Hu v. Haitian Hu, 942 So.2d 992 (Fla. 5th DCA 2006); Orange County v. Webster, 503 So.2d 988 (Fla. 5th DCA 1987). Hence, the appellate court may not address the factual basis for issuance of the injunction. Black Angus; Lewis. In such instances, a motion to dissolve and an evidentiary hearing are necessary to make a factual record that an appellate court can review. Montville. If a motion to dissolve an ex parte temporary injunction is filed and a hearing on the motion is held, "the party who obtained the injunction bears the burden of going forward with evidence to establish a prima facie case to support the injunctive relief," Hunter, 693 So.2d at 616; see also Shea v. Cent. Diagnostic Servs., Inc., 552 So.2d 344 (Fla. 5th DCA 1989), and the appellate court may review the factual basis for the injunction. Montville.
If the enjoined party takes a direct appeal after notice and a hearing without moving to dissolve, an appellate court may consider the underlying factual matters because there is a record of the evidence and testimony presented upon which the trial court based its decision to grant the temporary injunction. See Montville, 855 So.2d at 216 n. 2 (recognizing that in cases where there has been a full evidentiary hearing prior to issuance of the temporary injunction, the appellate court is not precluded from inquiry into factual matters presented at the evidentiary hearing).
To summarize, a motion to dissolve is necessary only where an ex parte temporary injunction was issued. If proper notice was provided and an evidentiary hearing conducted prior to issuance of the temporary injunction, an appeal should be filed to review the propriety of the temporary injunction; in this instance, a motion to dissolve is limited to raising only new matters and a trial court will not abuse its discretion in denying the motion if the enjoined party does not establish that a change in conditions justifies dissolution.
*901 Adverting to the quoted language in Yardley, we believe it is dicta because it was not a necessary ingredient of the ultimate decision reached by this court. We decided Yardley solely on the basis that the order granting the injunction did not set forth sufficient factual findings and because the injunction failed to maintain the status quo. These deficiencies required remand to the trial court to enter an appropriate order and prevented us from getting to the point where we were confronted with the issue of the sufficiency of the factual underpinning of the injunction. Nevertheless, because Yardley involved notice and an evidentiary hearing, we acknowledge that the earlier quoted language from Yardley should not have been included in the opinion.[3] Because we believe that Thomas may have been misled by the dicta in Yardley, we have reviewed the entire record, including all of the evidence and testimony presented at the evidentiary hearing held before the temporary injunction was entered, just as we would have done had Thomas taken an appeal rather than proceeding with a motion to dissolve, and we have determined that the trial court properly entered the temporary injunction.
AFFIRMED.
PLEUS and THOMPSON, JJ., concur.
NOTES
[1] Covenants not to compete are governed by section 542.335, Florida Statutes. Section 542.335(1)(j) authorizes a trial court to enter a temporary injunction as a method of enforcing a covenant not to compete. See Walsh v. Paw Trucking, Inc., 942 So.2d 446 (Fla. 2d DCA 2006); Supinski v. Omni Healthcare, P.A., 853 So.2d 526 (Fla. 5th DCA 2003).
[2] A trial court may not conduct an evidentiary hearing if the request for temporary injunction is made without notice to the other party. Fla. R. Civ. P. 1.610(a)(2) (stating that where no notice is given, the trial court is limited to considering the affidavit or verified pleading when deciding an injunction motion).
[3] As the author of Yardley, I confess the error, which is mine alone. My error, which resulted from not taking the time to more carefully analyze the pertinent case law, is reminiscent of the mistake made by the wayward traveler that caused him to fall off the cliff while trying to make his way to the bottom of the ravine  although he landed on the very spot of his intended destination, he lamented the fact that he did not more closely read the detour sign that would have directed him to safer passage. Because the result and legal analysis in Yardley are correct, it has been suggested that my error is analogous to instances where the tipsy coachman rule is applied. However, I would prefer to avoid any comparison to a buggy that arrived at its intended destination because it was pulled by a horse that had more sense than the drunken coachman. Although some may consider the analogy quite apt, I would prefer the former over the latter for the obvious reasons.