973 So.2d 531 (2008)
SEA TOW SERVICES INTERNATIONAL, INC., Appellant,
v.
Duke PONTIN d/b/a Spirit Towing and d/b/a Sea Tow Services Florida Keys, Appellee.
No. 3D06-3036.
District Court of Appeal of Florida, Third District.
December 26, 2007.
Rehearing Denied February 14, 2008.
Thomas M. Bates, West Palm Beach, for appellant.
Mitchell J. Cook, Summerland Key, for appellee.
Before GERSTEN, C.J., and SUAREZ and ROTHENBERG, JJ.
SUAREZ, J.
Sea Tow Services International, Inc. appeals a non-final order modifying in part and denying a motion to dissolve a temporary injunction after an evidentiary hearing. The trial court denied dissolution of a temporary injunction which prevented Sea Tow from terminating a licensing agreement between itself and Duke Pontin. We find a change of circumstances which required the trial court to dissolve the temporary injunction and, therefore, reverse.
Sea Tow was in the business of marine assistance and transportation. Duke Pontin became a Sea Tow licensee on July 4, 1992. The Agreement allowed Pontin to act as a Sea Tow operator to perform towing salvage and other marine services. The terms of the Licensing Agreement required all Sea Tow licensees and employees to be United States Coast Guard licensed as required by law.[1] The License *532 Agreement provided for a ten day "cure" of reasonable objections made by Sea Tow for violation of the Agreement by the licensee before termination could be effected.[2] Sea Tow learned from the United States Coast Guard that Duke Pontin had been allowing his son, Cove Pontin, to provide Sea Tow towing assistance while he was not properly licensed. On June 26, 2006, it notified Duke Pontin by certified letter that the Agreement was being terminated immediately for, among other reasons, allowing his son to operate a vessel and provide commercial assistance without the required United States Coast Guard license. On July 27, 2006, Duke Pontin moved to temporarily enjoin Sea Tow from terminating him as a licensee on grounds that the June 26th letter of termination did not include the required ten-day-cure provision of the License Agreement. An evidentiary hearing was held on August 16, 2006, and the trial court issued a temporary injunction on August 25, based on Sea Tow's failure to provide Duke Pontin the ten-day-cure period for Cove Pontin to secure his license, and temporarily enjoined Sea Tow from terminating Duke Pontin as a Sea Tow licensee.
On August 31, 2006, Sea Tow requested Duke Pontin, by letter, to produce within ten days evidence that all employees who had captained vessels were properly licensed. On September 13, 2006, Sea Tow moved to dissolve the temporary injunction alleging that Pontin was in violation of the Agreement and had not met the prerequisites for injunctive relief. Sea Tow was then notified by the Coast Guard that Duke Pontin's license had lapsed months before. On September 20, 2006, the trial court heard evidence on Sea Tow's motion to dissolve. As of the date of the hearing, Duke Pontin had not obtained his captain's license so as to cure the named violation of operating Sea Tow vessels without a captain's license in disregard of United States Coast Guard regulations. Duke Pontin admitted to operating as a master Sea Tow vessels without a license on at least six occasions. He stated that he was aware at the time of the prior hearing that his license had lapsed, and had failed to tell the court. The trial judge denied Sea Tow's request to dissolve the temporary injunction, but ruled that Sea Tow was only required to pay Duke Pontin for tows where there had been a licensed captain on board.
The standard of review in determining whether a trial court properly refuses to dissolve a temporary injunction is abuse of discretion. Bay N Gulf, Inc. v. Anchor Seafood, Inc., 971 So.2d 842 (Fla. 3d DCA 2007); Thomas v. Osler Med., Inc., 963 So.2d 896 (Fla. 5th DCA 2007). If facts newly raised at the time of the motion to dissolve were never presented in the initial request for injunction and a change in circumstances has been shown, the trial court abuses its discretion in denying the motion to dissolve. Cf. Osier, 963 So.2d at 899; Pecora v. Pecora, 697 So.2d 1267 (Fla. 5th DCA 1997). At the September 20, 2006 hearing on Sea Tow's motion to dissolve, it was newly established that, after allowing Duke Pontin ten days from the August 31, 2006 letter to produce for inspection evidence of licenses, Duke Pontin had neither produced his own license nor sufficiently cured the named violation. Pontin took no steps to comply until over one month after the August 31 *533 letter, thus, giving Sea Tow the right to terminate for failure to cure within ten days.
At the time of the hearing on the motion to dissolve the temporary injunction, Sea Tow had already sent another letter to Pontin which did include the provision under the Agreement it had failed to include in its prior letterthe ten-day-cure provision. These new conditions changed the circumstances and evidenced grounds for terminating the Agreement and granting the motion to dissolve. Therefore, the trial court was obligated to dissolve the injunction which prevented Sea Tow from terminating Pontin. In accord with this determination is the legal principle that a court of equity will not "give to the plaintiff what the law would give him . . . without imposing upon him conditions which the court considers he ought to comply with. . . ." Superior Unifs., Inc. v. Brown, 211 So.2d 50, 52 (Fla. 3d DCA 1968); see also Tampa & J. Ry. Co. T. Catts, 79 Fla. 235, 85 So. 364 (Fla.1920).
We therefore reverse and dissolve the temporary injunction.
Reversed and remanded.
NOTES
[1] See 46 C.F.R. § 15.410 which provides that every assistance-towing vessel must be under the direction and control of a licensed individual.
[2] If Licensee fails to cure any reasonable objections made by Licensor within ten (10) days after being notified of the objection, SEA TOW shall have the right at its option to terminate this Agreement pursuant to paragraph 9.