994 So.2d 1163 (2008)
Oren COHEN, Appellant,
v.
Ehud ZIDON, Appellee.
No. 3D08-897.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Cibran Eljaiek & Lopez, and Anthony M. Lopez, Tampa, for appellant.
David J. Schottenfeld, Plantation, for appellee.
Before COPE, ROTHENBERG, and LAGOA, JJ.
ROTHENBERG, J.
Oren Cohen ("Cohen") appeals from a non-final order denying his motion to dissolve an injunction entered by the trial court on November 20, 2007. We have jurisdiction. See Fla. R.App. P. 9.130(a)(3)(B). Because the trial court did not abuse its discretion by refusing to *1164 dissolve the temporary injunction, we affirm.
Ehud Zidon ("Zidon") filed a complaint against co-defendants Cohen, Solomon Ovadia, and Miami Horizon Group, LLC. In March 2007, the case proceeded to a bench trial and a judgment was entered against Cohen, individually, in the amount of $460,326.15.
In an attempt to collect against Cohen, Zidon filed a motion requesting the trial court to freeze the assets of Post Restaurant & Lounge, LLC ("Post").[1] On October 18, 2007, the trial court granted Zidon's motion, entered an order preventing Cohen from selling Post's assets, and ordered that no funds held by Post be disbursed pending further order by the court. On October 25, 2007, the trial court entered an ex parte supplemental order requiring all monies received by Post to be deposited in the court registry.
In defiance of the trial court's orders, Cohen agreed to an early termination of Post's lease, sold some of Post's assets, and abandoned other Post assets. In return, Cohen received a check made out to Post in the amount of $210,000 from the attorney representing Post's landlord. Cohen negotiated that check for a cashier's check, held the cashier's check until October 29, 2007, and then he deposited it in Post's business account at Washington Mutual Bank.
On October 26, 2007, on behalf of Post, Cohen accepted service of a complaint filed in Miami-Dade County by TJ Management Group ("TJ Management"). Cohen answered the complaint on the same day, admitting all allegations. On October 29, 2007, a judgment was entered in favor of TJ Management, against Post in the amount of $233,389.42.
On November 6, 2007, the trial court issued an Order to Show Cause against Cohen as to why he should not be held in contempt of court for violating the terms of the trial court's orders dated October 18, 2007 and October 25, 2007. At the subsequent show cause hearing, attended by both parties, the trial court issued an injunction freezing Post's Washington Mutual Bank account, and ordered Cohen to surrender his passport and refrain from traveling outside the country. Cohen filed a motion to dissolve the injunction, as it pertained to the surrender of his passport and the travel restrictions, which the trial court denied on March 10, 2008. This decision forms the basis of Cohen's appeal.
We review a trial court's refusal to dissolve a temporary injunction for an abuse of discretion. Sea Tow Servs. Int'l, Inc. v. Pontin, 973 So.2d 531, 532 (Fla. 3d DCA 2008). Where, as here, an enjoined party moves to dissolve a temporary injunction that was issued after notice and a hearing, the moving party "must establish that a change in conditions justifies the dissolution." Thomas v. Osler Med., Inc., 963 So.2d 896, 899 (Fla. 5th DCA 2007). In addition, "[i]f the matters raised in the motion to dissolve either were raised or could have been raised during the contested hearing to determine the initial request for the injunction, a trial court does not abuse its discretion in denying the motion." Id.
At the trial court level, Cohen did not establish that any change in circumstances or conditions justified the dissolution of the temporary injunction's requirements that Cohen surrender his passport and refrain from leaving the country. Therefore, we cannot say that the trial court abused its discretion by refusing to reconsider its previous ruling. Hunter v. Dennies Contracting Co., 693 So.2d 615, 616 (Fla. 2d DCA 1997). When *1165 a trial court issues a temporary injunction after the parties receive notice and a hearing is conducted, a party seeking review of the propriety of the injunction should file a direct appeal. Thomas, 963 So.2d at 900.
Accordingly, we affirm the trial court's refusal to dissolve the temporary injunction. Our decision is without prejudice to Cohen's right to modify or terminate the temporary injunction's travel restrictions in the event of a change in conditions or circumstances.
Affirmed.
NOTES
[1] Cohen was the managing member of Post.