SUAREZ, J.
Avisena, Inc., (“Avisena”), a Florida corporation, appeals from a non-final order denying its motion for a preliminary injunction against Alberto C. Santalo (“Santalo”) and CareCloud Corporation (“CareCloud”) for alleged violation of a non-competition agreement. We affirm, as Avisena cannot prove a likelihood of success on the merits.
The parties have stipulated that Santalo, the founder, former president, and chief executive officer of Avisena, was terminated without cause on September 15, 2008. While with Avisena, Santalo entered into an employment agreement which contains the post-employment non-competition provisions in question. The period of time in which the employee could be restricted from competing was dependent upon whether, and for what reason, the employee was either terminated by Avisena or *16 chose to leave the company’s employ. Santalo interpreted the non-competition provisions of his employment agreement to mean that, because he was terminated by Avisena without cause, a twelve-month “Restricted Period” applied pursuant to the express wording of section 8.9 of the employment agreement. Avisena disagreed, claiming that the general, two-year non-competition provision of section 8.1 applied.
After leaving Avisena, Santalo formed CareCloud and on September 16, 2009, one year and three days after being terminated from Avisena, started directly competing with Avisena. Avisena filed the present complaint and request for a temporary injunction. Santalo testified at the temporary injunction hearing that he incorporated CareCloud in January, 2009, and began competing with Avisena on September 16, 2009, two days after what he claimed was the end of the twelve month Restricted Period. The trial court refused to grant the temporary injunction and this appeal followed.
A party seeking a temporary injunction must establish all four of the following elements: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (8) the threatened injury to the petitioner outweighs any possible harm to the respondent, and (4) the granting of a temporary injunction will not disserve the public interest. The burden of persuasion rests on the applicant. See Cordis Corp. v. Prooslin, 482 So.2d at 489, 490 (Fla. 3d DCA 1986). The essential issue in this appeal is whether Avisena met its critical burden of establishing a substantial likelihood of success on the merits. Specifically, Avisena must prove that the two-year non-competition clause of the employment agreement applied to the facts of Santalo’s termination without cause, and not the one-year non-competition provision. The trial court properly denied the temporary injunction as Avisena cannot, as a matter of law, demonstrate substantial likelihood of success on the merits; the plain wording of the employment agreement provides that the one-year, and not the two-year, non-competition restriction applies.
First, the clear and unambiguous provisions of the employment agreement provide for a twelve-month non-competition period following a termination of the employee without cause by the company, as happened here.[1] Based on that fact alone, Avisena cannot demonstrate substantial likelihood of success on the merits. The employment agreement first states in Section 5, Termination of Employment, the following , three reasons that an employee’s employment may be terminated either by the company or by the employee: 1) Subsection 5.2, Termination by Company For Cause, states how and why the company could terminate an employee “for cause” and what actions by the employee constitutes “for cause”; 2) Subsection 5.4, Termination by Employee for Cause, states how and why an employee could terminate his or her own employment “for cause” and what actions by the company constitutes “for cause”; and 3) Subsection 5.5, Termination by Company without Cause, states that the employee may be terminated by the company for any reason or for no reason. The employment agreement next specifies varying lengths of non-competition periods depending on which of the three subsections of Section 5 applied *17 to the employee’s departure from the company. The parties stipulated that Santalo was terminated without cause pursuant to subsection 5.5.
Section 8 of the Employment agreement, entitled Exclusive Employment and Non-Competition, specifically in subsection 8.9, Restricted Period,[2] states that
The “Restricted Period ” shall mean that eighteen-month period of time immediately following the Employee’s termination from the Company if the employee is terminated With Cause pursuant to Section 5.2 of this Agreement. If the Employee is terminated Without Cause pursuant to Section 5.1 of this Agreement or terminates this Agreement for Cause pursuant to Section 5.3 of this Agreement, the Restricted Period shall be the twelve-month period immediately following the Employee’s termination from the Company.
As Santalo was terminated without cause pursuant to subsection 5.5[3], then according to subsection 8.9 the applicable period of non-competition was twelve months from the date of termination.
The next question is whether San-talo violated the non-competition provision during the twelve months following his termination. There is no evidence in the record that CareCloud solicited Avisena’s customers or employees prior to expiration of the twelve-month Restricted Period. See, e.g., Harllee v. Professional Serv. Indus., Inc., 619 So.2d 298 (Fla. 3d DCA 1992) (holding that mere preparation to open a competing business, such as assisting in the opening of a bank account, the obtaining of office space and other services with respect to the future employer are insufficient to demonstrate a breach) (citing to Fish v. Adams, 401 So.2d 843 (Fla. 5th DCA 1981)); see also Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F.Supp.2d 1134 (M.D.Fla.2007) (same); Grant v. Robert Half Intern., Inc., 597 So.2d 801 (Fla. 3d DCA 1992) (finding temporary injunction appropriate where employer proved that former employee solicited employer’s clients and damaged its goodwill and business reputation). There is no evidence in this record that Santalo violated the non-competition provision of his employment agreement. As such, Av-isena cannot prove a substantial likelihood of success and the trial court correctly denied Avisena’s motion for a temporary injunction.
Avisena argued below and on appeal that subsection 8.1 applies and not subsection 8.9; alternatively, Avisena argued that the contract is ambiguous. We disagree with both arguments.[4] Subsection 8.1 states that “Employee shall not for a period of two (2) years during the period of time immediately following the Employee’s termination of employment with the company_” The language of this provision, “Employee’s termination of employment with the company,” unambiguously refers to the employee’s own termination of his or her employment. As stated earlier in this analysis, Section 5 specifically refers to only three termination events— when the Company terminates the employee with and without cause, and when the employee terminates the employment for cause. The only scenario not covered in Section 5 is when the employee terminates his or her employment without *18 cause. That event is clearly provided for by subsection 8.1, and requires a harsher, two-year period of non-competition. It does not, however, apply to the facts presented here.
Affirmed.
ROTHENBERG, J., concurs.

. The mere fact that a contract is complex and requires some analysis to interpret it does not, by itself, render the agreement ambiguous. See Swire Pac. Holdings, Inc. v. Zurich Ins. Co., 845 So.2d 161, 165 (Fla.2003).

.We note that the references made in subsection 8.9 to subsections 5.3 and 5.4 are clearly scrivener’s errors, and should be read as referring instead to subsections 5.4 and 5.5 of the Employment agreement.

. Mis-identified in subsection 8.9 as subsection 5.4.

. See Footnote 1, above.