Forst, J.
Jennifer Burke and two business entities under her control appeal a trial court order granting a motion for temporary injunction. Appellants challenge the amount of the injunction bond and the duration of the injunction, but they do not challenge the merits of the injunction itself. For reasons discussed below, we find no reversible error and affirm the trial court’s order.
Background
Burke worked for appellee, Sunco Title & Escrow Co. (“Sunco”), pursuant to an independent contractor agreement. The agreement contained non-competition and confidentiality clauses. Following termination of the agreement, Sunco filed suit against Burke and the two related business entities, seeking injunctive relief and damages. Sunco alleged that, among other things, Burke and the related entities breached the non-competition agreement by performing services for several of Sun-co’s clients.
Shortly after filing the complaint, Sunco filed an emergency motion for temporary injunction, and the trial court held an evi- *969 dentiary hearing. At the conclusion of the hearing, the court reserved ruling and asked the parties to submit proposed orders.
Although the parties had not addressed the issue of an injunction bond at the hearing, Sunco submitted a proposed order that granted the injunction and set the amount of its bond at $1000. Burke and the two other defendants submitted a proposed order that denied the injunction without explanation; they did not file objections to Sunco’s proposed order.
The trial court adopted Sunco’s proposed order in full, enjoining appellants “[ujntil further Order of the Court.” Without bringing any deficiency in the order to. the trial court’s attention, the three defendants gave timely notice of appeal.
Analysis
In their first point on appeal, appellants argue that the trial court erred in setting a nominal bond without affording them an opportunity to present evidence on the proper bond amount.
The trial court has discretion in setting the amount of an injunction bond. Montville v. Mobile Med. Indus., Inc., 855 So.2d 212, 215 (Fla. 4th DCA 2003). An injunction bond is “conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.” Fla. R. Civ. P. 1.610(b) (emphasis added). “The amount of the bond constitutes the court’s determination of the foreseeable damages.” Andrist v. Spleen, 142 So.3d 950, 952 (Fla. 4th DCA 2014)). “Should this amount prove insufficient or excessive, an affected party is free to move for modification.” Parker Tampa Two, Inc. v. Somerset Dev. Corp., 544 So.2d 1018, 1021 (Fla. 1989); see also Montville, 855 So.2d at 216 (citing Parker).
This Court has remanded for an eviden-tiary hearing on the bond amount in cases where there was no bond hearing in the trial court. Offshore Marine Towing, Inc. v. Sea Tow Servs. Int’l, Inc., 778 So.2d 510, 511 (Fla. 4th DCA 2001) (“[B]oth parties must be provided with the opportunity to present evidence regarding the appropriate amount of the injunction bond.”),
However, at no time during the proceedings in the trial court did appellants in this case request an opportunity to present evidence on the bond amount. They neither raised the bond issue during the injunction hearing nor in their proposed order. They also failed to either submit objections to Sunco’s proposed order or file a post-order motion. Cf. Offshore Marine, 778 So.2d at 511 (“[Ajppellants did alert the trial court in a supplemental memorandum in opposition to the temporary injunction, submitted while the court was considering the appellees’ proposed order, that an evi-dentiary hearing on the amount of the bond would be required.”); Advantage Dig. Sys., Inc. v. Dig. Imaging Servs., Inc., 870 So.2d 111, 116 (Fla. 2d DCA 2003) (noting that “enjoined parties filed a motion to dissolve, [or modify] the injunction” after entry of the trial court’s order and argued the trial court erred “in setting the bond amount without a hearing”); Lotenfoe v. Pahk, 747 So.2d 422, 426 (Fla. 2d DCA 1999) (“At the end of the injunction hearing ..., [appellant] advised the court of the necessity of an evidentiary hearing on the bond.”).
We do not read our cases as holding a party may challenge an injunction bond as insufficient' on appeal notwithstanding failure to raise the issue in the trial court. Cf. Offshore Marine, 778 So.2d at 511; see also Palm Beach Polo Holdings, Inc. v. G & G Marine, Inc., 889 So.2d 173, 174 (Fla. 4th DCA 2004) (reversing portion of order setting $1000 injunction bond where the trial court “abruptly terminated the hearing without affording appellants an oppor *970 tunity to. object to the .amount of the bond”).
This Court previously has addressed the argument that-a party waived the ability to challenge the bond amount where it failed to address the issue at the injunction hearing. See Net First Nat’l Bank v. First Telebanc Corp., 834 So.2d 944, 950 (Fla. 4th DCA 2003). Although we found “waiver was not an issue” in Net First, id., that case is distinguishable from the instant case. The defendants in Net First sought both dissolution of the wrongful injunction and damages in excess of the improperly-set bond. See id. at 950-51, Thus, there' . was a “need” for the panel in Net First to address whether damages on remand would be limited to the bond amount. Id. at 950.
Here, appellants do not challenge the merits of the injunction itself. As a result, appellants cannot claim entitlement to the bond for any damages resulting from being “wrongfully enjoined.” Fla. R. Civ. P. 1.610(b); see Montville, 855 So.2d at 215 (“Without question, the purpose of the bond required as a condition to issuance of a temporary injunction is to provide a sufficient fund to cover the adverse party’s costs and damages if the injunction is wrongfully issued”). Thus, there is no need to address the bond amount on the facts of this case.
On appellants’ second argument concerning the duration of the injunction, we also find no error. The trial court’s order complies with rule 1.610(a)(2), which provides that “[t]he temporary injunction shall remain in effect until the further order of the court.” Moreover, appellants may move to dissolve the temporary injunction if it remains in effect beyond the agreement’s non-competition period. See Fla. R. Civ. P; 1.610(d).
Finally, we reject appellants’ contention that the trial court erred by adopting Sun-co’s proposed order verbatim “without an opportunity for comments or objections by the other party.” Perlow v. Berg-Perlow, 875 So.2d 383, 390 (Fla 2004). In contrast to Bishop v. Bishop, 47 So.3d 326 (Fla. 2d DCA 2010), a case upon which appellants rely, appellants did not “enumerate[] approximately twenty errors, omissions, and irregularities” in the trial court’s order. Id. at 328. Instead, appellants pointed 'to one non-substantive error, which fails to “create the appearance that the trial court did not engage in independent decision-making.” Id.
Conclusion
As set forth above, we find no reversible error and affirm the trial court’s order granting the temporary injunction.

Affirmed.

Warner and Gerber, JJ., Concur.