FULMER, CAROLYN K, Senior Judge.
 

 In this appeal from a final judgment of dissolution, the Wife, Victoria Bishop, challenges the trial court’s verbatim adoption of the Husband’s proposed final judgment, the “rotating parenting visitation schedule” specified in the final judgment, and the equitable distribution of assets and liabilities. We affirm those parts of the final judgment that dissolve the parties’ marriage. We reverse the remainder of the final judgment and remand for further proceedings.
 

 Verbatim Adoption of Final Judgment
 

 The final hearing in this dissolution was held on June 22 and 26, 2009. At the conclusion of the hearing, the parties agreed to submit proposed final judgments by e-mail. The trial court made no oral rulings and provided no direction to the parties regarding the findings and conclusions to be included in the proposed judgments. Therefore, the proposed judgments were drafted in a manner that represented only the opposing views of each party. One month after the final hearing, and without the benefit of a transcript of the hearing, the trial court adopted, verbatim, the final judgment submitted by the Husband, which consisted of seventeen pages of findings and conclusions of law together with the Husband’s proposed equitable distribution schedule and child support worksheet.
 

 We recognize that the law in Florida does not prohibit the verbatim adoption of a judgment that has been proposed by a party.
 
 See M.D. v. Dep’t of Children & Family Servs.,
 
 924 So.2d 827, 830 (Fla. 2d DCA 2005). However, the adopted judgment “cannot substitute for a thoughtful and independent analysis of the facts, issues, and law by the trial judge.”
 
 See Perlow v. Berg-Perlow,
 
 875 So.2d 383, 390 (Fla.2004). In
 
 M.D.,
 
 this court announced “that we will reverse any judgment entered under circumstances that create an appearance that the judgment does not reflect the judge’s independent decision-making. However, the fact that the judgment was adopted from a proposal submitted by a party does not, standing alone, raise that possibility.”
 
 M.D.,
 
 924 So.2d at 831.
 

 The Wife argues that the final judgment contains errors and omissions which create the appearance that the trial court did not engage in independent decision-making. We agree. Although we note only a few, the Wife enumerates approximately twenty errors, omissions, and irregularities to support her argument. For example, the Husband’s proposed judgment included a reduction in his child support payments based on a change to rotating custody. By the time the trial court signed the Husband’s proposed judgment, the commencement date specified for the reduced payment had passed. Because the trial court failed to change the date, the final judgment erroneously orders a child support reduction retroactive to a date prior to the change to rotating custody. The final judgment also inexplicably orders child support to be paid directly to the Wife contrary to section 61.13(l)(d)(3), Florida Statutes, which requires payments to be made through the Central Governmental Depository absent a request by both parties and a finding by the court that it is in the best interest of the child. Further, in the calculation of
 
 *329
 
 child support, the final judgment uses the Husband’s predicted future lower income rather than his current income but fails to use the Wife’s lower current income. No findings are set forth to explain this inconsistency.
 

 As examples of the trial court’s failure to exercise independent decision-making in the equitable distribution schedule, the Wife notes that the final judgment omits the parties’ marital liability for 2008 income taxes, omits the $1400 which the Husband stipulated should be assessed against him for his cashing of a refund check intended for the Wife, and fails to assign responsibility for preparation of Qualified Domestic Relations Orders should they be necessary for the division of certain distributed retirement accounts.
 

 The Husband concedes some of the errors and omissions cited by the Wife but defends the final judgment by arguing that the Wife’s proposed final judgment contained some of the same deficiencies now being challenged and that, therefore, the Wife either invited or did not preserve the errors. We reject this argument. Regardless of the contents of the parties’ proposed final judgments, the trial court is obligated to make rulings on all issues raised based on its own thoughtful and independent analysis of the facts, the evidence presented, and the law that applies.
 
 Perlow,
 
 875 So.2d at 390. Because the instant record does not establish this independent analysis, we are compelled to reverse.
 

 Serving as further examples that cast doubt on the independence of the trial court’s decision-making are the legal errors in the final judgment regarding custody and equitable distribution. However, these errors also require reversal for reasons beyond those addressed in
 
 Perlow.
 

 Rotating Custody
 

 Regarding the custody issue, the Wife argues that it was error for the trial court to order a rotating parenting schedule because there is a long-standing presumption in Florida that rotating custody is not in the best interest of the child and the trial court failed to address factors required to overcome that presumption. The Husband argues first that the Wife failed to assert the presumption in the trial court and has, therefore, waived this issue. Alternatively, he argues that the 2008 amendments to section 61.13 apply in this case and that those amendments were intended to remove any adverse distinction for rotating custody. We need not address the parties’ dispute about which version of the statute applies because under any version the record is devoid of evidence that would support a change in the parenting schedule in effect at the time of the final hearing. Of particular note is the fact that during the proceedings the parties reached a mediation agreement which included a stipulation to allow the mental health therapist who was counseling the children to recommend the Husband’s visitation schedule. At trial, the therapist recommended against expanding the visitation schedule that was in effect at the time of the final hearing. In fact, all of the evidence presented by both parties supports maintaining the parenting schedule in effect at the time of the final hearing. Therefore, we reverse the trial court’s rotating custody schedule and remand with directions to restore the schedule in effect at the time of the final hearing.
 

 Equitable Distribution
 

 The Wife asserts three errors in the trial court’s equitable distribution of assets and liabilities: (1) assignment to the Wife of $32,618 in depleted marital assets which
 
 *330
 
 she used for family expenses, (2) erroneous valuation of the marital home, and (3) imposition of an equalizing payment of $73,432 to be paid by the Wife to the Husband.
 

 Depleted Assets
 

 During the pendency of the dissolution proceeding, the Wife withdrew funds from her 401(k) account which she used in support of herself and her children. She testified that she used the funds for car and household repairs, purchase of household items, legal fees for a matter unrelated to the dissolution, and medical bills. The final judgment states, without any findings of fact, that the Wife “has wrongfully depleted marital assets” and that the “wrongful depletion of her Ryder 401(k) to the extent of $32,617.96 has been accounted for in the attached Equitable Distribution Schedule Exhibit A.”
 

 As a general proposition, it is error to include assets in an equitable distribution scheme that have been diminished or dissipated during the dissolution proceedings .... [A]n exception to this general proposition exists when misconduct during the dissolution proceedings results in the dissipation of a marital asset. In that case, the misconduct may serve as a basis for assigning the dissipated asset to the spending spouse when calculating equitable distribution.
 

 ... [However], to include a dissipated asset in the equitable distribution scheme, there must be evidence of the spending spouse’s intentional dissipation or destruction of the asset, and the trial court must make a specific finding that the dissipation resulted from intentional misconduct.
 

 Roth v. Roth,
 
 973 So.2d 580, 584-85 (Fla. 2d DCA 2008) (citations omitted). Here, there is uncontradicted testimony that the depleted funds were used for marital expenses. And the trial court made no finding of misconduct with respect to the Wife’s use of the funds. Furthermore, the record reflects no evidence of misconduct. Therefore, it was error to assign the value of the depleted assets to the Wife.
 

 Marital Home Valuation
 

 The final judgment states that the marital home “has been valued as of June 29, 2009 by the Court.” It further states that the Husband’s September 12, 2008, appraisal valued the home at $380,000, and the Husband testified to this value at trial; the Wife’s first appraisal, dated February 21, 2008, valued the home at $365,000; the Wife’s second appraisal, dated January 29, 2009, valued the home at $340,000. However, the final judgment fails to specify a value for the home. Instead, the home appears as an asset in the equitable distribution schedule appended to the final judgment. In that schedule the home is listed at a value of $380,000. From our review of the record, we are unable to discern any evidence or rationale that would support a valuation of $380,000. The June 2009 valuation date identified in the final judgment is consistent with both parties’ request for a current valuation date. However, the most current appraisal in relation to this valuation date was the Wife’s January 2009 appraisal of $340,000 which reflected a four percent decline since the February 2008 appraisal. The record reveals no impeachment of this appraisal. Furthermore, this is the only appraisal that was presented by live testimony through an expert real estate appraiser. He explained his use of nine recent sales as comparables, two of which were in the same gated community as the marital home. He also explained the adjustments he made to arrive at his values.
 

 We recognize that the Husband testified that in his opinion as an owner,
 
 *331
 
 the home should be valued at $380,000, which is the same value contained in an appraisal he obtained in September 2008. However, the Wife’s expert noted that the Husband’s appraisal does not identify the appraiser’s professional qualifications or state that he is a member of the appraisal institute. Further, the sales utilized were not recent, and no adjustments were made for the decline in the real estate market which, the expert testified, was continuing to decline at the time of trial. This record contains neither findings of fact nor competent substantial evidence to support the trial court’s valuation of the marital home, both of which are required by section 61.075(3). Therefore we reverse and remand for the trial court to conduct a further hearing to determine the valuation of the home as of the time of trial.
 

 Equalizing Payment
 

 The equitable distribution schedule appended to the final judgment contains a “cash equalizing payment” in the amount of $73,432 which is deducted from the Wife’s distribution and added to the Husband’s distribution. However, the final judgment contains no order or directive as to whether the payment is to be made in a lump sum or in installments. The Wife argues that the trial court abused its discretion in ordering an equalizing payment because she was awarded no liquid assets from which she could make the payment without substantially endangering her own economic status. We agree. A lump sum equalizing payment to accomplish equitable distribution “is properly awarded only when the evidence reflects a justification for such an award and the ability of the paying spouse to make the payment without substantially endangering his or her economic status.”
 
 Vigo v. Vigo,
 
 15 So.3d 619, 622 (Fla. 3d DCA 2009) (internal quotation marks omitted). A review of the equitable distribution schedule reflects that the equalizing payment essentially resulted from the overvaluation of the marital home together with the assignment to the Wife of her depleted 401 (k) assets. Thus it appears that our reversal on the marital home valuation and the depleted assets assignment may eliminate the need for an equalizing payment. However, we note that even if these assets had been valued and assigned properly, neither would have provided the ability for the Wife to make the payment ordered.
 

 Conclusion
 

 We affirm those parts of the final judgment that dissolve the parties’ marriage. We reverse the remainder of the final judgment for the reasons set forth above and remand with directions that the trial court review the record and enter a final judgment consistent with this opinion, the evidence presented, and the applicable law. We stress that it is particularly important for the trial court to ensure that all statutory mandates are addressed and that all required findings of fact are made. Failure to do so precludes meaningful appellate review, thwarts proper enforcement of the final judgment by successor judges, and prolongs the time required for these parties to resolve their differences.
 

 Reversed and remanded with directions.
 

 ALTENBERND and WALLACE, JJ., Concur.