NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


GREGORY FRANK TOTH

        Appellant,

v.

STEPHANIE SPIELMAN MILLER,
formerly known as STEPHANIE
MILLER-TOTH,

        Appellee.

Case Nos.   2D15-3835
              2D16-289

CONSOLIDATED

Opinion filed August 31, 2018.

Appeals from the Circuit Court for Lee
County; G. Keith Cary, Judge.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellant.

Margaret H. White-Small of Margaret H.
White-Small, Attorney at Law, Ponte
Vedra Beach, and Stacy L. Sherman of
Stacy L. Sherman, P.A., Cape Coral, for
Appellee.


KELLY, Judge.

        In this consolidated appeal, Gregory Frank Toth challenges the amended

final judgment dissolving his marriage to Stephanie Spielman Miller and the money

judgment entered in favor of Ms. Miller pursuant to the amended final judgment of

dissolution. Mr. Toth raises a number of challenges to the amended judgment, one of which is dispositive. He argues, and we agree, that the record as a whole in this case creates the appearance that the amended judgment does not reflect the judge's independent decision-making. See Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004).

The judge adopted Ms. Miller's proposed sixty-five-page final judgment without a single alteration. While this fact alone might not convince us the judge had failed to exercise independent decision-making, when viewed in the context of the record as a whole, and in particular some of the judge's comments at the final hearing, we face a scenario much like the one we described in Bishop v. Bishop, 47 So. 3d 326 (Fla. 2d DCA 2010). There, we concluded that the "errors and omissions" in the judgment together with the circumstances under which it was entered did not establish that it was the product of the judge's own "thoughtful and independent analysis of the facts, the evidence presented, and the law that applies." Id. at 329 (citing Perlow, 875 So. 2d at 390).

Accordingly, we affirm the portion of the amended final judgment that dissolved the parties' marriage. We reverse the remainder of that judgment and remand with directions that the judge enter a final judgment reflecting his independent decision-making consistent with the evidence and applicable law. See id. at 331. In light of our reversal of the amended judgment, we also reverse the money judgment entered in favor of Ms. Miller pursuant to that judgment.

Affirmed in part, reversed, and remanded with directions.

NORTHCUTT and MORRIS, JJ., Concur.