IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

October 31, 2018

GREGORY FRANK TOTH,              )
                                 )
        Appellant,               )
                                 )
v.                               )       Case Nos. 2D15-3835
                                 )                 2D16-289
STEPHANIE SPIELMAN MILLER,       )
formerly known as STEPHANIE      )       CONSOLIDATED
MILLER-TOTH,                     )
                                 )
        Appellee.                )
_____  )

BY ORDER OF THE COURT:


Appellant's motion for rehearing is denied.  On the court's own motion, the prior

opinion dated August 31, 2018, is withdrawn, and the attached opinion is issued in its

place.  No further motions for rehearing will be entertained.



I HEREBY CERTIFY THE FOREGOING IS A
TRUE COPY OF THE ORIGINAL COURT ORDER.




MARY ELIZABETH KUENZEL, CLERK

GREGORY FRANK TOTH,                      )
                                          )
            Appellant,                    )
                                          )
v.                                        )        Case Nos.    2D15-3835
                                          )                     2D16-289
STEPHANIE SPIELMAN MILLER,                )
formerly known as STEPHANIE               )        CONSOLIDATED
MILLER-TOTH,                              )
                                          )
            Appellee.                     )
_____ )

Opinion filed October 31, 2018.

Appeals from the Circuit Court for Lee
County; G. Keith Cary, Judge.

Robert L. Donald of Law Office of Robert L.
Donald, Fort Myers, for Appellant.

Margaret H. White-Small of Margaret H.
White-Small, Attorney at Law, Ponte
Vedra Beach, and Stacy L. Sherman of
Stacy L. Sherman, P.A., Cape Coral, for
Appellee.


KELLY, Judge.

        In this consolidated appeal, Gregory Frank Toth challenges the amended

final judgment dissolving his marriage to Stephanie Spielman Miller and the money

judgment entered in favor of Ms. Miller pursuant to the amended final judgment of

dissolution.  Mr. Toth raises a number of challenges to the amended judgment, one of

which is dispositive.[1]  He argues, and we agree, that the record as a whole in this case creates the appearance that the amended judgment does not reflect the judge's independent decision-making.  See Perlow v. Berg-Perlow, 875 So. 2d 383, 390 (Fla. 2004).

The judge adopted Ms. Miller's proposed sixty-five-page final judgment without a single alteration.  While this fact alone might not convince us the judge had failed to exercise independent decision-making, when viewed in the context of the record as a whole, and in particular some of the judge's comments at the final hearing, we face a scenario much like the one we described in Bishop v. Bishop, 47 So. 3d 326 (Fla. 2d DCA 2010).  There, we concluded that the "errors and omissions" in the judgment together with the circumstances under which it was entered did not establish that it was the product of the judge's own "thoughtful and independent analysis of the facts, the evidence presented, and the law that applies."  Id. at 329 (citing Perlow, 875 So. 2d at 390).

Accordingly, we affirm the portion of the amended final judgment that dissolved the parties' marriage.  We reverse the remainder of that judgment and remand with directions that the judge enter a final judgment reflecting his independent decision-making consistent with the evidence and applicable law.  See id. at 331.  In light of our reversal of the amended judgment, we also reverse the money judgment entered in favor of Ms. Miller pursuant to that judgment.

Affirmed in part, reversed in part, and remanded with directions.

---

[1]We decline to reach the other issues raised in the initial brief and express no opinion on the merits of Mr. Toth's claims.

NORTHCUTT and MORRIS, JJ., Concur.