DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

TERRY WASHINGTON,

Appellant,

v.

PERSOLVE RECOVERIES, LLC,

Appellee.

No. 2D2024-0311

_____

April 11, 2025

Appeal from the Circuit Court for Pinellas County; Cynthia J. Newton, Judge.

Aaron M. Swift and Jordan T. Isringhaus of Swift Law PLLC, St. Petersburg; and Dineen Pashoukos Wasylik of DPW Legal, Tampa, for Appellant.

Stuart Jay Levine and Heather A. DeGrave of Walters Levine & DeGrave, Tampa, for Appellee.

KELLY, Judge.

Terry Washington appeals the trial court's order denying her motion for class certification in her action against Persolve Recoveries, LLC, for alleged violation of the Federal Fair Debt Collection Practices Act (FDCPA).  She argues that the court erred in adopting Persolve's

proposed order verbatim and that many of the findings in the order are not supported by the record.  We agree and reverse.

Florida law does not prohibit the verbatim adoption of a party's proposed order or judgment.  *Bishop v. Bishop*, 47 So. 3d 326, 328 (Fla. 2d DCA 2010); *M.D. v. Dep't of Child. & Fam. Servs.*, 924 So. 2d 827, 830 (Fla. 2d DCA 2005).  Reversal is required, however, when the order does not reflect "a thoughtful and independent analysis of the facts, issues, and law by the trial judge."  *Perlow v. Berg-Perlow*, 875 So. 2d 383, 390 (Fla. 2004); *see also Toth v. Miller*, 257 So. 3d 1166, 1167 (Fla. 2d DCA 2018).  Moreover, before the trial judge accepts one party's proposed order word-for-word, the other party must have been given an opportunity to comment on and object to the proposed order.  *See Perlow*, 875 So. 2d at 390.

Here, the trial court made no findings at the hearing on Washington's motion for class certification before ordering both parties to submit proposed orders simultaneously without an opportunity for comments or objections.  Under these circumstances, and because the certification order entered by the trial court was a verbatim adoption of Persolve's proposed order—including the caption: "DEFENDANT'S PROPOSED ORER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION"—we cannot conclude that the trial court exercised its independent judgment in considering the merits of the parties' arguments.  *See id.* ("When the trial judge accepts verbatim a proposed final judgment submitted by one party without an opportunity for comments or objections by the other party, there is an appearance that the trial judge did not exercise his or her independent judgment in the case."); *West v. West*, 228 So. 3d 727, 728-29 (Fla. 5th DCA 2017) ("The appearance of impropriety exists when the trial judge adopts verbatim

one party's one-sided final judgment, especially where the judge did not orally announce findings or rulings during or at the end of trial."). Consequently, we must reverse and remand to the trial court for further consideration of Washington's motion consistent with this opinion.[1]

Reversed and remanded for further proceedings.

SILBERMAN and VILLANTI, JJ., Concur.

––––––––––––––––––––––––––

Opinion subject to revision prior to official publication.

---

[1] In light of our holding, we do not reach the other argument on appeal.