PER CURIAM.
This is an appeal from a non-final order granting a temporary injunction. The action arose out of a real estate transaction involving the purchase of a commercial building and its resale. Disposition of the proceeds of the sale, in the form of promissory notes, became a central issue in the litigation.
At the request of appellee and as a result of his counterclaim, the trial court issued a temporary mandatory injunction appointing a trustee to receive and then to deposit payments on two promissory notes, as the same from time to time were received. These promissory notes were payable to the plaintiffs counterdefendants.
We reverse the order granting temporary injunction for the following reasons:
1. No bond was required by the trial court nor was there any evidence that the counterclaimant was unable to give bond. It was impermissible to grant a temporary mandatory injunction without requiring bond in the absence of evidence showing financial inability to obtain bond. Leopold v. Richard Bertram & Co., 265 So.2d 710 (Fla.3rd DCA 1972), City National Bank of Miami v. Somerset Development Corp., 330 So.2d 501 (Fla.4th DCA 1976).
2. There was no showing that counterclaimant would suffer irreparable harm or that the remedy at law would be inadequate. Wilson v. Sandstrom, 317 So.2d 732 (Fla.1975), or that money damages would not be a sufficient remedy. First National Bank in St. Petersburg v. Ferris, 156 So.2d 421, (Fla.2nd DCA 1963). The mere possibility of insolvency (and insolvency was not suggested in the record) is not a sufficient reason for the granting of injunctive relief. Godwin v. Phifer, 51 Fla.-441, 41 So. 597 (1906).
While it is true that the determination to grant or deny an application for temporary injunctive relief rests within the sound discretion of the trial court, exercise of that discretion is circumscribed by the foregoing well established principles. The issuance of a temporary injunction is an extraordinary and drastic remedy which should be granted sparingly and with caution, only after the moving party has proven sufficient facts entitling it to relief. Jennings v. Perrine Fish Market; Inc., 360 So.2d 434 (Fla.3rd DCA 1978).
REVERSED.
HERSEY and ANSTEAD, JJ., and DAUKSCH, JAMES C., Jr., Associate Judge, concur.