387 So.2d 1054 (1980)
Jeanne D. RODRIGUEZ et al., Appellants,
v.
Carlos Luna GONZAGA, Etc., Appellee.
No. 79-6/T4-349.
District Court of Appeal of Florida, Fifth District.
September 17, 1980.
*1055 Ralph V. Hadley, III of Henson, Hadley & Gnass, P.A., Winter Garden, for appellants.
Frank R.S. Fabre of Shutts & Bowen, Miami, for appellee.
SHARP, Judge.
Rodriquez appeals from a final judgment dismissing her law suit for lack of capacity or standing to sue on behalf of the corporate plaintiff. When Rodriguez filed a complaint on behalf of D'Agostino's Villa Nova, Inc., the appellee, Gonzaga, filed a motion in limine contending Rodriguez had no standing to represent the corporate plaintiff. The trial judge ordered Rodriguez to prove her capacity to represent the corporation. Rodriguez relied upon the pleadings and produced two additional documents: one entitled "action by stockholders without a meeting;" and the other styled "action by the board of directors without a meeting." The trial judge ruled that this evidence was insufficient and dismissed Counts II and IV.[1] We find the evidence was sufficient, and therefore reverse and remand those counts for trial.
The pleadings established the parties entered into various agreements concerning the sale of 100% of the stock of D'Agostino's Villa Nova, Inc. Pending payment in full, the stock was to be pledged as security with the seller, Rodriguez. The pledge agreement (attached to the pleadings) provided that if Gonzaga defaulted in his performance of the purchase and pledge agreements for a period of 7 days or longer, Rodriguez could assume the voting rights of the stock and "take any and every step necessary to assume control and management of the corporation," including but not limited to taking written action without a meeting of either the board of directors or shareholders. Rodriguez alleged that Gonzaga had breached numerous provisions of the purchase agreement; Gonzaga denied that he was in default.
At the hearing Rodriguez introduced the two documents in evidence, pursuant to a stipulation of the parties. The first document *1056 recorded action taken by the Board of Directors of the corporation on September 13, 1977, removing Gonzaga as an officer and electing Rodriguez as the sole corporate officer. This document was signed by Rodriguez as sole member of the Board of Directors pursuant to the pledge agreement. The second item recorded action taken by the stockholders of the corporation on the same day (signed by Rodriguez as sole stockholder pursuant to the pledge agreement), removing Gonzaga as a member of the Board of Directors and replacing him with Rodriguez.
The court ruled that the exhibits were not competent evidence because they were signed by Rodriguez as an individual and not in a corporate capacity, and they lacked the corporate seal. However, the pleadings admitted the existence of the pledge agreement and Rodriguez' powers thereunder, and the parties stipulated to the exhibits without any reservation as to authenticity. This established a legal basis for consideration of the exhibits. Gunn Plumbing, Inc. v. Dania Bank, 252 So.2d 1 (Fla. 1971). The signatures of stockholders or members of a corporate board of directors need not be under seal, nor are their signatures executed in a "corporate" as opposed to "individual" capacity. It is these individuals who in their stockholder and director capacities control the corporation by election of officers and board members[2] and by authorizing various actions by others on behalf of the corporation.[3]
The exhibits together with the pleadings were sufficient to establish the plaintiff's threshold right to proceed to trial on behalf of the corporation. The appellee challenged whether or not a default existed under the agreements, and he will have the right to defend on this basis. Should he prevail, the powers exercised by the plaintiff under the pledge agreement will be shown as having been wrongfully exercised but that will not detract from her power to do so. We reject appellee's argument that the plaintiff must conclusively prove the default in order to establish her right to bring the law suit on behalf of the corporation.
REVERSED and REMANDED.
DAUKSCH, C.J., and SHARP, G.K., Associate Judge, concur.
NOTES
[1] Counts I and III were voluntarily nonsuited by appellant. The remaining counts II and IV were dismissed in a final judgment entered in favor of Gonzaga. We have jurisdiction. Fla. R.App.P. 9.030(b)(1)(A).
[2] §§ 607.011(1)(i), 607.097, and 607.114(3), Florida Statutes (1979).
[3] §§ 607.011(1)(i) and 607.151, Florida Statutes (1979).