PER CURIAM.
In 1992, the City Council for Riviera Beach declared itself a Community Redevelopment Agency (“CRA”) under the Community Redevelopment Act of 1969.[1] When the CRA’s Board informed Michael Brown, the Mayor of Riviera Beach, that he could speak at CRA meetings only from the podium, he sought (1) a declaratory judgment stating that, as a member of Riviera Beach’s governing body, he was entitled to speak from the dais, and (2) a temporary injunction preventing the CRA from prohibiting him from speaking from the dais. Reserving consideration of the merits of the petition for declaratory judgment to a later day, the trial court granted the Mayor’s request for an injunction. We reverse the temporary injunction order because the record fails to demonstrate irreparable harm.
This court has held that “[a] temporary injunction may be granted if the complainant shows ‘(1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest.’ ” Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 438 (Fla.4th DCA 2006) (quoting Net First Nat’l Bank v. First Telebanc Corp., 834 So.2d 944, 949 (Fla. 4th DCA 2003)). “ ‘Clear, definite, and unequivocally sufficient factual findings’ must support each of these four criteria before the court may enter the injunction.” Aerospace Welding, Inc. v. Southstream Exhaust & Welding, Inc., 824 So.2d 226, 227 (Fla. 4th DCA 2002) (referencing City of Jacksonville v. Naegele Outdoor Adver. Co., 634 So.2d 750, 754 (Fla. 1st DCA 1994), approved, 659 So.2d 1046 (Fla.1995)). “ ‘To the extent it rests on purely legal matters, an order imposing an injunction is subject to full, or de novo, review on appeal.’ ” Smith v. Coalition to Reduce Class Size, 827 So.2d 959, 961 (Fla.2002) (quoting Operation Rescue v. Women’s Health Ctr., Inc., 626 So.2d 664, 670 (Fla.1993)).
In granting the temporary injunction, the trial court opined that the Mayor and the citizens would be irreparably harmed if the Mayor could not participate in discussions. There was, however, no evidence to support a finding that the Mayor could not participate in discussions. In fact, the Mayor acknowledged he had the option of participating in discussions, *1262 albeit from the podium, and there was no evidence showing that the CRA would in any way restrict the Mayor’s discussions. Rather, the Mayor simply refused to speak from the podium. The trial court’s order not only failed to acknowledge the Mayor’s ability to speak from the podium, but, more importantly, failed to establish how permitting him to speak only from the podium would cause irreparable harm. An injunction prior to final judgment is a drastic and extraordinary remedy; a trial court reversibly errs when an order fails to make specific findings for each of the elements. See Milin v. Nw. Fla. Land, L.C., 870 So.2d 135, 137 (Fla. 1st DCA 2003) (calling an order granting a temporary injunction “defective” when it “failed to set forth any factual findings in support of the four criteria”).
Accordingly, we reverse the order granting the temporary injunction and need not reach the other issues on appeal.

Reversed.

STEVENSON, C.J., GUNTHER and MAY, JJ., concur.

. See § 163.330, Fla. Stal. As an alternative to appointing independent members to make up the CRA, the “governing body” may declare itself to be the CRA. See § 163.357, Fla. Stat.