990 So.2d 1176 (2008)
BELLE ISLE ASSOCIATES, INC., et al., Appellants,
v.
NINE ISLAND AVENUE CONDOMINIUM ASSOCIATION., INC., etc., Appellee.
No. 3D08-713.
District Court of Appeal of Florida, Third District.
September 17, 2008.
*1177 Paul D. Breitner, for appellants.
Billbrough & Marks and Geoffrey Marks, Coral Gables, for appellee.
Before GERSTEN, C.J., and WELLS and SALTER, JJ.
SALTER, J.
Belle Isle Associates, Inc.[1] appeals a detailed post-trial circuit court ruling captioned "final judgment," relating to the rights and duties of certain boat slip owners at a marina operated by a condominium association. Because the ruling includes an express retention of jurisdiction to enter a final judgment on the appellee's (Nine Island Avenue Condominium Association, Inc.'s) counterclaim, we directed the parties to submit memoranda regarding our jurisdiction.
Upon consideration of those memoranda and applicable case law, we dismiss the appeal without prejudice to any party's later appeal from a final judgment disposing of the counterclaim. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla.1974). Based on a review of the existing judgment, it is apparent that the Association's still-pending counterclaim is intertwined with, and directly affected by, the issues in the main action. Although the existing judgment directs the Association to submit an affidavit stating the dollar amount due as to each lien on each unit owned by a counter-defendant, the retention of jurisdiction does not state that the entry of judgment on those amounts will be self-executing or that there will be no further hearings if the counter-defendants object to the figures submitted by the Association. In this six-year old, hard-fought dispute, clearly nothing is likely to be over until it is over.
Appeal dismissed.
NOTES
[1] The notice of appeal indicates that "Belle Isle Associates, Inc., et al." commenced this appeal. If the "et al." parties wish to appeal following the entry of a final judgment below, they should identify themselves in the later notice.