PER CURIAM.
Appellant challenges the validity of a temporary injunction granted by the trial court. We reverse the order granting the temporary injunction because the order is facially deficient in failing to contain sufficient factual findings to support each prong of the four-part injunction test and in failing set an appropriate bond.
Before a temporary injunction may be granted, the trial court must make “clear, definite, and unequivocally sufficient factual findings” showing that: (1) the movant will suffer irreparable harm unless the status quo is maintained; (2) the movant has no adequate remedy at law; (3) the movant has a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest. Jouvence Ctr. for Advanced Health, LLC v. Jouvence Rejuvenation Ctrs., LLC, 14 So.3d 1097, 1099 (Fla. 4th DCA 2009) (citation and internal quotation marks omitted). Strict compliance with Florida Rule of Civil Procedure 1.610(c), which specifies the form and scope of injunctions, is required. Here, the order granting the temporary injunction did little more than state that the movant had satisfied each prong of the test. Such an order is facially insufficient. See Snibbe v. Napoleonic Soc’y of Am., Inc., 682 So.2d 568, 570 (Fla. 2d DCA 1996) (stating that an order granting a temporary injunction must do more than parrot back each tine of the four-prong test). On remand, the trial court must make specific factual findings to show that the movant is entitled to relief.
The injunction also fails to comply with the bond requirement of Florida Rule of Civil Procedure 1.610(b). “No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.” Id.; see also Thomas v. English, 448 So.2d 623 (Fla. 4th DCA 1984). On remand, the trial court must conduct an evidentiary hearing and allow both parties the opportunity to present evidence as to the appropriate bond amount.

Reversed and Remanded for further proceedings consistent with this opinion.

POLEN, TAYLOR and STEVENSON, JJ., concur.