MAY, C.J.
The Florida High School Athletic Association (“FHSAA”)[1] appeals a non-final order granting a temporary injunction in favor of a father on behalf of his daughter, a student at a local private school. The FHSAA argues that it is immune from *826 judicial review, and that the court erred in finding that the FHSAA Bylaw 9.2.4 is a recruiting rule. The FHSAA also argues the court erred in failing to set a bond. We affirm on the first two issues, but reverse on the bond issue. We remand the case for proceedings consistent with this opinion.
The student is currently a swimmer and water polo player at a local private school. Prior to enrolling, she played for a water polo club team coached by the private school’s water polo coach. The student testified that the coach neither asked her to attend the school nor offered any benefit to go there. She made the decision to attend the school for academic reasons, and because her previous school did not serve the upper grades of high school.
The student joined the swim team. At the school’s first swim meet, however, she was told she was ineligible to compete because of her participation with the water polo club team. The student missed the entire swimming season.
The school requested a ruling on the student’s eligibility from the FHSAA. It ruled that the student was ineligible based on FHSAA Bylaw 9.2.4.[2] After exhausting the administrative remedies, the student’s father filed a Complaint in the circuit court challenging the administrative decision.
“The standard of review of trial court orders on requests for temporary injunctions is a hybrid. To the extent the trial court’s order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.” Foreclosure FreeSearch, Inc. v. Sullivan, 12 So.3d 771, 774 (Fla. 4th DCA 2009) (citations omitted) (internal quotation marks omitted).
To obtain a temporary injunction, the petitioner must establish that “‘(1) irreparable harm will result if the temporary injunction is not entered; (2) an adequate remedy at law is unavailable; (3) there is a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest.’ ” Burtoff v. Tauber, 85 So.3d 1182, 1183 (Fla. 4th DCA 2012) (quoting Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc., 51 So.3d 1191, 1195 (Fla. 4th DCA 2011)).
We have reviewed the trial court’s factual findings and legal conclusions, the applicable Bylaws, the relevant statutes, and case law.[3] We find no error in the trial court’s entry of the temporary injunction. In fact, in 2012, our legislature amended section 1006.20, Florida Statutes, to strengthen the due process protections of students involved in eligibility determina *827 tions of the FHSAA. See CL 12-188, § 1006.20, Laws of Fla.
We do find error, however, in the trial court’s failure to set a bond. Florida Rule of Civil Procedure 1.610(b) provides, in pertinent part: “No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined.” “An injunction is defective if it does not require the movant to post a bond. ‘The trial court cannot waive this requirement nor can it comply by setting a nominal amount.’ ” Fla. High Sch. Activities Ass’n v. Mander ex rel. Mander, 932 So.2d 314, 315-16 (Fla. 2d DCA 2006) (quoting Bellach v. Huggs of Naples, Inc., 704 So.2d 679, 680 (Fla. 2d DCA 1997)).
The trial court erred in failing to require a bond. While this might not be the ordinary type of injunction involving business or some other form of damages, it is nevertheless a temporary injunction. We therefore reverse and remand the case for the trial court to impose a bond in accordance with Florida Rule of Civil Procedure 1.610(b). See Forrest v. Citi Residential Lending, Inc., 73 So.3d 269, 280 (Fla. 2d DCA 2011).

Affirmed in part; Reversed in part; and Remanded.

GERBER and LEVINE, JJ., concur.

. The FHSAA is a nonprofit organization designated by the Florida Legislature to govern athletics in Florida public schools and participating private schools. § 1006.20, Fla. Stat. (2012).

. FHSAA Bylaw 9.2.4 states:
The FHSAA supports and endorses Florida’s philosophy of school of choice for academic purposes. However, if a student chooses to attend or participate for a school, public or private, in which the student participated in any non-school athletic activities affiliated with a school that the student does not attend or did not attend in the previous school year (in the case of Non-traditional students, does not participate for or did not participate for) and then establishes his/her school residence (in the case of Non-traditional students, he/she participates) at the affiliated school within one calendar year of such participation will not be eligible in the new school until the student has been in attendance at that school for one calendar year. Establishing such school residence is bona fide evidence that the student is attending the school in whole or in part for athletic reasons.

. FHSAA v. Melbourne Cent. Catholic High Sch., 867 So.2d 1281 (Fla. 5th DCA 2004) is distinguishable. There, the Fifth District held the student had failed to exhaust available administrative remedies. Here, the student exhausted all administrative remedies.