DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TESORO PROPERTY OWNER'S ASSOCIATION, INC.**,
a Florida not-for-profit corporation,
Appellant,

v.

**TESORO COMMONS, LLC,**
a Florida Limited Liability Company,
Appellee.

No. 4D17-3006

[February 14, 2018]

Appeal of a non-final order from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562017CA001292.

Albert B. Moore, Fort Pierce, for appellant.

Owen Schultz of McCarthy, Summers, Bobko, Wood, Norman, Bass & Melby, P.A., Stuart, for appellee.

PER CURIAM.

Tesoro Property Owner's Association, Inc. appeals an order granting a temporary injunction in favor of Tesoro Commons, LLC ("the property owner"). Because the trial court failed to make sufficient factual findings to support the injunction, we reverse.

Florida Rule of Civil Procedure 1.610(c) mandates that "[e]very injunction shall specify the reasons for entry." This Court has held that strict compliance with rule 1.610(c) is required. *Eldon v. Perrin*, 78 So. 3d 737, 738 (Fla. 4th DCA 2012). Before granting a temporary injunction, the trial court must make clear, definite, and unequivocally sufficient factual findings showing that (1) the movant will suffer irreparable harm unless the injunction is entered; (2) there is no adequate remedy at law; (3) there is a substantial likelihood that the movant will succeed on the merits; and (4) entry of a temporary injunction will serve the public interest. *Am. Learning Sys., Inc. v. Gomes*, 199 So. 3d 1076, 1082 (Fla. 4th DCA 2016); *Concerned Citizens for Judicial Fairness, Inc. v. Yacucci*,

162 So. 3d 68, 72 (Fla. 4th DCA 2014); *Eldon*, 78 So. 3d at 738.  Failure to make specific findings as to each of these four elements is reversible error.  *Wade v. Brown*, 928 So. 2d 1260, 1262 (Fla. 4th DCA 2006).

Here, the property owner concedes that neither the oral ruling nor the written order contains sufficient findings to support entry of a temporary injunction.  The trial court failed to make any findings that the property owner will suffer irreparable harm unless an injunction is entered, that the property owner does not have an adequate remedy at law, or that the entry of an injunction will serve the public interest.

Accordingly, we reverse the temporary injunction and remand for further proceedings.

*Reversed and remanded.*

GERBER, C.J., CIKLIN and LEVINE, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**