DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONALD N. DUBNER,**
Appellant,

v.

**FRANK FERRARO,**
Appellee.

No. 4D17-1435

[April 11, 2018]

Appeal of non-final order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Roger B. Colton, Senior Judge; L.T. Case No. 502015CP002361XXXXNB.

Daniel L. McDermott, Michele M. Thomas and Adrian P. Thomas of Adrian Philip Thomas, P.A., Fort Lauderdale, for appellant.

Jane Kreusler-Walsh and Rebecca Mercier Vargas of Law Office of Kreusler-Walsh, Compiani & Vargas, P.A., West Palm Beach, Gregory Coleman and Santo DiGangi of Critton, Luttier & Coleman, LLP, West Palm Beach, and Michael S. Singer of Comiter, Singer, Baseman & Braun, LLP, Palm Beach Gardens, for appellee.

MAY, J.

A dispute over the assets of an estate and an order directing a non-party broker to remove its unilateral freeze of certain accounts brings this appeal to this court. One of the beneficiaries argues the order is defective on its face for failing to include required findings and the posting of a bond. He also argues the mandatory injunction is not supported by the evidence. We agree and reverse.

The family estate was originally created by the beneficiary's father and step-mother. Bradley Dubner (deceased) is the half-brother and Leslie Strupp is the half-sister of the beneficiary. Frank Ferraro is the personal representative of the Estate of Bradley Dubner.[1]

---

[1] The personal representative of the half-brother's estate and the half-sister will be referred to collectively as defendants for ease of reference.

The beneficiary filed three lawsuits in Palm Beach Circuit Court (trust, probate, and tort actions). He also filed an action in Broward Circuit Court (unjust enrichment, constructive fraud, tortious interference with a business relationship, exploitation of a vulnerable adult, and declaratory action) seeking to recoup approximately $100 million. He based the claims on the undue influence exercised by his half-siblings on their mother to alter her estate plan and to give them millions of dollars in *inter vivos* gifts. He included the broker as a defendant in the Broward case because it held accounts of his step-sister, step-brother, and other family entities.

Most of the brokerage accounts flowed through his step-mother's will or trust and are the subject of the Palm Beach cases. He also named as defendants two companies in which he previously held ownership interests, and four separate entities not parties in the Palm Beach cases.

After the Broward action was filed, the broker put a freeze on the accounts in dispute in the Broward case. The personal representative of the step-brother's estate filed an emergency verified motion for injunctive relief in the probate case in Palm Beach. He argued the broker's freeze was "tantamount to a prejudgment writ of attachment and [was] causing irreparable harm to all of the [d]efendants. The freezing of the accounts by [the broker] was done without notice, without due process, and without any legal support."

The broker unilaterally instituted the freeze of its accounts without a court order. However, the personal representative of his step-brother's estate claimed the beneficiary had "strong-armed [the broker] into keeping the accounts frozen." The half-siblings sought removal of the freeze or the posting of a $60 million bond.

The defendants claimed "irreparable harm" in the inability to access critical funds not subject of a court order. They claimed a likelihood of success on the merits because the beneficiary had not moved for injunctive relief. They claimed that allowing the broker to arbitrarily freeze client accounts would be a disservice to the public interest "as it would allow more frivolous filings of lawsuits simply naming different financial institutions in complaints as a method of securing prejudgment relief."

Alternatively, they argued the freeze allowed the beneficiary to obtain a prejudgment writ of attachment without having to meet statutory prerequisites. And, he did not post bond as required for prejudgment writs of attachment. § 77.031(3), Fla. Stat. (2017). They concluded, "equity dictate[d] that [the broker] should unfreeze the various [] accounts and

2

doing so would greatly serve the public interest."

The trial court denied the request for an emergency hearing, but set the emergency motion for injunctive relief for hearing.

The broker filed a "submission" stating the beneficiary had emailed a demand that it freeze the accounts.

The beneficiary argued the defendants were seeking a temporary (mandatory) injunction without demonstrating irreparable harm. He argued they made a conclusory claim that they were being denied access to the funds, which were a small portion of the estate. He next argued there was an adequate remedy at law, and the injunctive relief action was merely an attempt to forum-shop in Palm Beach Circuit Court rather than proceed in seeking relief in the Broward Circuit Court where the case was pending.

The defendants responded that all pertinent contacts were located in Palm Beach County other than this brokerage account dispute. In fact, they had moved to transfer the Broward case to Palm Beach County.[2]

After the hearing, the court ordered the broker to release any hold or freeze on the accounts. It granted the verified motion for injunctive relief, and denied the motion for rehearing. From the order granting injunctive relief, the beneficiary now appeals.

For temporary injunctive relief, a movant must demonstrate: (1) irreparable harm would result if the relief is not granted; (2) an adequate remedy at law is unavailable; (3) a substantial likelihood of success on the merits; and (4) entry of the temporary injunction will serve the public interest. *Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc.*, 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011) (citing *Foreclosure FreeSearch, Inc. v. Sullivan*, 12 So. 3d 771, 775 (Fla. 4th DCA 2009)). The movant must also show a clear legal right to the injunction. *McKeegan v. Ernst*, 84 So. 3d 1229, 1230 (Fla. 4th DCA 2012).

Florida Rule of Civil Procedure 1.610(c) governing injunctions provides:

> Every injunction shall specify the reasons for entry, shall describe in reasonable detail the act or acts restrained without

---

[2] The Broward Circuit Court has since transferred the case to Palm Beach County.

3

reference to a pleading or another document, and shall be binding on the parties to the action, their officers, agents, servants, employees, and attorneys and on those persons in active concert or participation with them who receive actual notice of the injunction.

We have often recognized that "a trial court reversibly errs when an order fails to make specific findings for each of the elements." *Wade v. Brown*, 928 So. 2d 1260, 1262 (Fla. 4th DCA 2006). "Strict compliance with Florida Rule of Civil Procedure 1.610(c) . . . is required." *Eldon v. Perrin*, 78 So. 3d 737, 738 (Fla. 4th DCA 2012). And, a bond is ordinarily required for a temporary mandatory injunction absent evidence of financial inability to maintain a bond, agreement of both sides, or any other recognized ground. *See Tri-Plaza Corp. v. N.R. Field*, 382 So. 2d 330, 331 (Fla. 4th DCA 1980); Fla. R. Civ. P. 1.610(b).

The beneficiary argues the injunction is defective for failure to comply with the procedural and substantive requirements for temporary injunctions. The trial judge orally announced: "I'm ruling that the brokerage house have no freeze on it . . . ; that there's not to be any freeze." There was no other oral explanation or findings. For failure to comply with Rule 1.610(c), we reverse the injunction. *See Am. Learning Sys., Inc. v. Gomes*, 199 So. 3d 1076, 1082 (Fla. 4th DCA 2016).

The beneficiary next argues the injunction is defective for failure to include a bond in accord with the express requirements of Florida Rule of Civil Procedure 1.610(b). *See Fla. High Sch. Athletic Ass'n. v. Rosenberg*, 117 So. 3d 825 (Fla. 4th DCA 2013). There, we reversed an injunction and remanded the case for imposition of a bond. *Id.* at 827.

The beneficiary also argues the defendants failed to meet the standard of proof for issuance of a temporary injunction: (1) irreparable harm; (2) lack of adequate remedy at law; (3) likelihood of success on the merits; and (4) that an injunction order is consistent with public policy.

And last, the beneficiary argues his procedural due process rights were violated by the trial court for allegedly failing to provide adequate notice of the hearing for temporary injunction after the request for an emergency hearing was denied.

We agree with the beneficiary on three of these points. Here, the trial court failed to make the requisite findings, and the defendants failed to demonstrate a substantial likelihood of success or irreparable harm. *See Am. Learning Sys., Inc.*, 199 So. 3d at 1082. While the defendants argue

the beneficiary waived the bond challenge, we disagree and see no basis for avoiding the bond requirement. *See* Fla. R. Civ. P. 1.610(b). However, we find no merit in the beneficiary's claim that the trial court violated his procedural due process rights.

We therefore reverse and remand the case to dissolve the mandatory injunction.

*Reversed and Remanded.*

CONNER and KUNTZ, JJ., concur.

*      *      *

**Not final until disposition of timely filed motion for rehearing.**