# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**ELIZABETH U. BALDWIN,** Individually and as a member of
Manor at Vero Beach, LLC, and **MANOR AT VERO BEACH, LLC,** a
Florida Limited Liability Corporation,
Appellants,

v.

**PAUL R. WILLET**, Individually and as a member of
Manor at Vero Beach, LLC,
Appellee.

No. 4D18-2263

[December 19, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Paul B. Kanarek, Judge; L.T. Case No. 312017CA000366.

Aaron V. Johnson of Collins, Brown, Barkett, Garavaglia & Lawn, Chartered, Vero Beach, for appellants.

George A. Glenn, Jr. of Law Offices of George A. Glenn, Vero Beach, for appellee.

FORST, J.

Appellants Elizabeth Baldwin and Manor at Vero Beach, LLC challenge the order granting Appellee Paul R. Willet's motion for temporary injunction in the underlying action for a constructive trust. We reverse because the order is facially deficient—addressing only one prong of the four-part injunction test. Accordingly, we remand for the trial court to make specific factual findings on each prong of the test.

To obtain a temporary injunction, a movant must establish the following four-part test: (1) a substantial likelihood of success on the merits; (2) lack of an adequate remedy at law; (3) irreparable harm absent an entry of an injunction; and (4) that injunctive relief will serve the public interest. *Dubner v. Ferraro,* 242 So. 3d 444, 447 (Fla. 4th DCA 2018) (citing *Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc.*, 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011)).

Florida Rule of Civil Procedure 1.610(c) specifies the form and scope of injunctions, requiring that "[e]very injunction shall specify the reasons for entry, [and] shall describe in reasonable detail the act or acts restrained without reference to a pleading or another document . . . ." The findings supporting the four-part test must be "clear, definite, and unequivocal." *Net First Nat'l Bank v. First Telebanc Corp.*, 834 So. 2d 944, 949 (Fla. 4th DCA 2003) (quoting *Aerospace Welding, Inc. v. Southstream Exhaust & Welding, Inc.*, 824 So. 2d 226, 227 (Fla. 4th DCA 2002)). This Court has consistently held that strict compliance with rule 1.610(c) is required. *See Dubner*, 242 So. 3d at 447; *Am. Learning Sys., Inc. v. Gomes*, 199 So. 3d 1076, 1082 (Fla. 4th DCA 2016); *Eldon v. Perrin*, 78 So. 3d 737, 738 (Fla. 4th DCA 2012).

Here, the trial court made several factual findings, but the order does not state with clarity which factual findings support each of the prongs of the four-part test required to issue a temporary injunction. Willet concedes this point, but contends that he provided substantial evidence to the trial court regarding each prong in support of the temporary injunction. However, because strict compliance with rule 1.610(c) is required, we reverse and remand for the trial court to make clear, definite, and unequivocal factual findings on each prong of the four-part test in determining whether Willet is entitled to relief.

*Reversed and Remanded for further proceedings consistent with this opinion.*

MAY and CONNER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2