FERNANDEZ, J.
St. Brendan High School, Inc., and Archdiocese of Miami, Inc., (collectively, "St. Brendan") appeal the trial court's order granting a temporary injunction compelling St. Brendan to reverse its expulsion of Michelle Neff, a minor, and to readmit her to complete her junior year of high school. Due to the Neffs' failure to show entitlement to relief and the trial court's failure to include all of the necessary findings required for granting an injunction, we reverse and vacate the order and remand for further proceedings consistent with this opinion.
St. Brendan, a private Catholic high school in Miami-Dade County, Florida, expelled high school student, Michelle Neff, when her parents, Magali and Herbert Neff, filed a personal injury action against the school after Michelle was injured while *222 performing community service at Good Hope Equestrian Training Center, Inc., an organization listed on St. Brendan's approved community service list. St. Brendan maintains that filing the suit against the school violated school policy, specifically certain school handbook provisions.[1] Approximately one month after the expulsion, the Neffs filed an emergency motion for temporary injunction, in order to compel the school to readmit Michelle to complete her junior year.
After a hearing on the emergency motion for temporary injunction, the trial court issued an order simply granting the motion, noting that the court's reasoning was contained in the record. St. Brendan timely appealed the non-final order granting the temporary injunction.
This Court applies "a hybrid standard of review to the appeal of an order granting or denying a temporary injunction: 'To the extent the trial court's order is based on factual findings, we will not reverse unless the trial court abused its discretion; however, any legal conclusions are subject to de novo review.' " City of Miami v. City of Miami Firefighters' & Police Officers' Ret. Trust & Plan, 249 So. 3d 709, 713 (Fla. 3d DCA 2018) (quoting Gainesville Woman Care, LLC v. State, 210 So. 3d 1243, 1258 (Fla. 2017) ).
To obtain a temporary injunction, a party seeking relief must satisfy the following four-part test: "[1] a substantial likelihood of success on the merits; [2] lack of an adequate remedy at law; [3] irreparable harm absent the entry of an injunction; [4] and that injunctive relief will serve the public interest." Gainesville Woman Care, 210 So. 3d at 1258 ; see also Mercado Oriental, Inc. v. Marin, 725 So. 2d 468, 469 (Fla. 3d DCA 1999) ; Fla. R. Civ. P. 1.610(c). If the party fails to meet any of these requirements, the motion must be denied. Genchi v. Lower Fla. Keys Hosp. Dist., 45 So. 3d 915, 919 (Fla. 3d DCA 2010). "Before granting a temporary injunction, the trial court must make clear, definite, and unequivocally sufficient factual findings .... Failure to make specific findings as to each of these four elements is reversible error." Tesoro Prop. Owner's Ass'n, Inc. v. Tesoro Commons, LLC, 237 So. 3d 403, 404 (Fla. 4th DCA 2018). The trial court's findings must be supported by competent substantial evidence. Gainesville Woman Care, 210 So. 3d at 1265. Upon review of the record, we find that the Neffs failed to present competent substantial evidence to satisfy each element of the four-part test, and the trial court failed to include all of the necessary findings to support granting a temporary injunction in this case.
As to the element of irreparable harm, the extent of the trial court's findings were: "[a] contract for education is a unique contract," and "the wisdom to disenroll [Michelle] shortly before exams is questionable." The hearing transcript does not include any additional findings as to irreparable harm. The inconvenience of Michelle having to change schools during her high school years does not rise to the *223 level of irreparable harm to support a temporary injunction in this case, nor does the inability to attend school with her friends.
The record is also absent any analysis as to the unavailability of an adequate remedy at law. To the contrary, the Neffs amended their complaint to add a claim of intentional infliction of emotional distress, thereby pursuing a remedy at law as a result of the school's action.
Finally, the trial court failed to make any findings as to the elements of likelihood of success on the merits and service to public interest. We note, however, that if schools are to become liable for every incident at an off-premises activity for which community service hours are available, community service will be a thing of the past.
On these facts, we find that both the trial court's reasoning and the Neffs' assertions are without basis in Florida law and are wholly conclusory. Accordingly, we reverse and vacate the order granting a temporary injunction preventing St. Brendan from discharging Michelle Neff, and remand for further proceedings consistent with this opinion.
Reversed and remanded.

The main provision, on which St. Brendan relies, provides as follows:
The school views the education of a student as a partnership between the parents and the school. Parents and students are expected to comply with the school rules and policies, and to accept and support the authority of school officials, whether it be at school events, on or off school campus, or on social media or other public forum. Just as a parent can withdraw a child from the school if desired, the school has the right to disenroll a student if it determines at its discretion that the parent or student partnership with the school is irretrievably broken.
(Emphasis added).