DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COMPOUNDING DOCS, INC.,** a Florida corporation,
**CDRX LLC,** a Delaware limited liability company, **ELAINE CAIRNS,**
**LARYCEE MCNEAL, LORALEI PACHEJO,** and **LESLIE ENCARNACION,**
Appellants,

v.

**SCSC ENTERPRISES, LLC,** a Florida limited liability company,
**KGJ ENTERPRISES, LLC,** a Florida limited liability company,
**SIMFA ROSE PHARMACEUTICAL SPECIALTY, INC., MARGIE BRETT,**
**SCOTT MAZZA,** and **SCOTT MAZZA CONSULTING, LLC,**
a Florida limited liability company,
Appellees.

No. 4D21-3282

[August 10, 2022]

Appeal of a nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin-Singer, Judge; L.T. Case No. CACE21-010593.

James S. Telepman of Cohen, Norris, Wolmer, Ray, Telepman, Berkowitz & Cohen, North Palm Beach, for appellants.

E. Scott Golden and Brandon D. Cole of Golden Law, Fort Lauderdale, for appellees.

PER CURIAM.

*Affirmed.*

CONNER and ARTAU, JJ., concur.
FORST., J., concurs in part and dissents in part with an opinion.

FORST., J., concurring in part, dissenting in part.

Appellants, four former employees of Appellee SCSC Enterprises, LLC and its related corporate entities ("SCSC"), and Compounding Docs, Inc. (and its related corporate entity), appeal a trial court order denying the Appellants' motion to dissolve an *ex parte* temporary injunction. Appellee

SCSC filed the motion for a temporary injunction in response to the four individual Appellants allegedly violating noncompetition and confidentiality agreements, leaving their jobs with SCSC, and taking similar jobs with Appellant Compounding Docs.

The trial court found SCSC satisfied the elements for a temporary injunction against both the four former employees and their new employer.[1] The court accepted the argument that the temporary injunction was necessary to protect SCSC's trade secrets and customer lists and to prevent direct solicitation of SCSC's customers. On appeal, the Appellants argue the trial court abused its discretion by maintaining the injunction. I join the majority in rejecting this argument and affirming that portion of the trial court's order without discussion.

The trial court further ordered SCSC to post a bond of $20,000. The Appellants' appeal contends that this bond is too low and is based, in part, on an error of law. I agree with the Appellants and would reverse and remand the issue of the bond's amount to the trial court. Thus, solely with respect to this aspect of the trial court's order, I dissent.

## Background

While employed with SCSC, the four employees signed noncompetition and confidentiality agreements. Each of the agreements include a provision that if an employee breaches any of the noncompete/confidentiality obligations, SCSC may seek injunctive relief without posting a bond.

SCSC referenced the "no bond" confidentiality clauses in its emergency motion for a temporary injunction without notice, arguing that, pursuant to these waivers, no bond was required as to the four former employees. The motion "suggest[ed] that [$20,000 was] an appropriate amount" for a bond as to Compounding Docs. The subsequent temporary injunction

---

[1] To obtain a temporary injunction, the moving party must demonstrate: (1) irreparable harm will result if relief is not granted; (2) no adequate remedy at law exists; (3) there is a substantial likelihood of success on the merits; and (4) the entry of an injunction will serve the public interest. *Dubner v. Ferraro*, 242 So. 3d 444, 447 (Fla. 4th DCA 2018) (citing *Univ. Med. Clinics, Inc. v. Quality Health Plans, Inc.*, 51 So. 3d 1191, 1195 (Fla. 4th DCA 2011)); *Burtoff v. Tauber*, 85 So. 3d 1182, 1183 (Fla. 4th DCA 2012). "The movant must also show a clear legal right to the injunction." *Dubner*, 242 So. 3d at 447 (citing *McKeegan v. Ernst*, 84 So. 3d 1229, 1230 (Fla. 4th DCA 2012)).

order referred to the "no bond" clauses and implicitly accepted SCSC's "suggest[ion]," setting SCSC's required bond at the amount of $20,000.

In the Appellants' motion to dissolve the temporary injunction, they argued that the provision in each of the employees' noncompetition agreements waiving the requirement to post a bond was not enforceable. The motion referenced section 542.335(1)(j), Florida Statutes (2021), which states: "No temporary injunction shall be entered unless the person seeking enforcement of a restrictive covenant gives a proper bond, and *the court shall not enforce any contractual provision waiving the requirement of an injunction bond or limiting the amount of such bond.*" (emphasis added). SCSC's response merely asserted that the $20,000 bond covered *all* of the defendants, not merely the corporate defendant, and "the bond was required in that amount precisely because the Defendants have the opportunity to come to the Court and allege potential injuries in a greater amount."

At the hearing on the motion to dissolve, the Appellants provided testimony that, if the injunction was not dissolved, Compounding Docs would cease paying the four employees. The Appellants thus contended in their written closing arguments that the $20,000 bond was insufficient because it did not account for the wages which Compounding DOC had already paid to the employees, the wages which the four employees would lose if Compounding Docs stopped paying them until the case is resolved, and the attorney's fees and costs which the Appellants were likely to incur.

The trial court's "Order Denying in Part Motion to Dissolve the Temporary Injunction" did not comment on the bond issue, thus leaving the $20,000 bond intact. This was one of the issues raised on appeal.

**Analysis**

"No temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." Fla. R. Civ. P. 1.610(b). "[T]he trial court is generally afforded discretion in setting the amount of bond for a temporary injunction entered pursuant to Rule 1.610(b), Fla R. Civ. P, and . . . abuse of discretion is the standard of review of the grant or denial of a temporary injunction." *Montville v. Mobile Med. Indus., Inc.*, 855 So. 2d 212, 215 (Fla. 4th DCA 2003).

> [T]he purpose of the bond required as a condition to issuance
> of a temporary injunction is to provide a sufficient fund to

cover the adverse party's costs and damages if the injunction is wrongfully issued. *Richard v. [Behavioral] Healthcare Options, Inc.*, 647 So. 2d 976 (Fla. 2d DCA 1994). Damages include attorney's fees and court costs. *Town of Davie v. Sloan*, 566 So. 2d 938 (Fla. 4th DCA 1990). Since the damages recoverable for a wrongfully issued injunction are ordinarily limited to the bond, *Parker Tampa Two, Inc. v. Somerset Dev. Corp.*, 544 So. 2d 1018 (Fla. 1989), the bond initially set by the court constitutes the court's determination of the foreseeable damages based on the good faith representations that are before it. *Id*[.], at 1021.

*Id.* (modifications added).

As noted above, SCSC initially maintained that the four employees properly waived the requirement of an injunction bond. SCSC then suggested a bond of $20,000 solely to protect Compounding Docs. The trial court adopted this suggestion and erroneously found that the individual Appellants had "agreed that the [Appellees] could, inter alia, seek . . . a restraining order or injunction without the requirement to post a bond." After the Appellants (1) pointed out that, per section 542.335(1)(j) "the court shall not enforce any contractual provision waiving the requirement of an injunction bond or limiting the amount of such bond," and (2) provided evidence that each of the individual defendants and the corporate defendant had "foreseeable damages" in excess of $20,000 in the event of "a wrongfully issued injunction," the trial court nonetheless failed to modify the amount (or provide a rationale for failing to do so).

I recognize the deference afforded to trial courts in these cases, and that "while foreseeable damages are considered a major factor in setting temporary injunction bond, the court is permitted to consider factors other than the anticipated damages and costs, *including the adverse party's chances of overturning the temporary injunction*." *Montville*, 855 So. 2d at 216 (emphasis added) (citing *Longshore Lakes Joint Venture v. Mundy*, 616 So. 2d 1047 (Fla. 2d DCA 1993)). Here, however, the only information we have as to the basis of the trial court's setting of a "proper bond" with respect to the corporate defendant *and* the individual defendants is that the original $20,000 bond was based, in part, on the erroneous representation and determination that the individual defendants had made a binding waiver of their section 542.335(1)(j) right to a "proper bond."

Appellee SCSC argues, in essence, that any error in setting the bond too low was harmless because "the Defendants have the opportunity to

come to the Court and allege potential injuries in a greater amount." However, "[t]he purpose of an injunction bond is to provide sufficient funds to cover the adverse party's costs and damages if the injunction is wrongfully issued." *Richard v. Behavioral Healthcare Options, Inc.*, 647 So. 2d 976, 978 (Fla. 2d DCA 1994) (citing *Longshore Lakes Joint Venture*, 616 So. 2d at 1048). A bond set too low may prove insufficient to cover the actual damages in the event of a reversal, and successful defendants may be unable to otherwise be made whole.

**Conclusion**

To summarize, the trial court set the bond at $20,000 for the corporate and individual defendants based, in part, on the finding that the individual defendants had made a binding waiver. Nonetheless, after being informed that section 542.335(1)(j) precludes a court from "enforc[ing] any contractual provision waiving the requirement of an injunction bond or limiting the amount of such bond," and hearing evidence with respect to the potential damages that would be incurred by the individual defendants, the trial court—without explanation—failed to modify the amount of the bond. To quote a famous television line, that does not compute.[2] Thus, I would remand the bond issue and accordingly dissent from that aspect of the majority's affirmance of the trial court's order.

* * *

***Not final until disposition of timely filed motion for rehearing.***

---

[2] *See Does not compute, https://en.wikipedia.org/wiki/Does_not_compute* ("Perhaps the most famous use of the phrase is in the television series *Lost in Space* where the robot often says, 'It does not compute!'")

5