IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

ST. MARKS POND INDUSTRIAL,
LLC F/K/A ST. MARKS POND
BORROW PIT, LLC,

     Appellant,

 v.

                                        Case No. 5D22-1201
                                        LT Case No. 2021-CA-0828

MICHAEL W. BOLES, DARIA F. BOLES,
DANIEL HILL, AND GREGORY JONES,

     Appellees.
_____/

Opinion filed May 26, 2023

Nonfinal Appeal from the Circuit Court
for St. Johns County,
Kenneth J. Janesk, Judge.

John J. Spence, of Naples &
Spence, Attorneys at Law, PLLC,
St. Augustine, for Appellant.

Richard Q. Lewis, III, of Richard Q.
Lewis, III, PA, of St. Augustine, for
Appellees, Michael W. Boles and
Daria F. Boles.

No Appearance for Remaining Appellees.

HARRIS, J.

St. Marks Pond Industrial, LLC f/k/a St. Marks Pond Borrow Pit, LLC ("St. Marks"), appeals the trial court's nonfinal order which both denied its emergency motion to dissolve temporary injunction and failed to impose any bond requirement. We find no error in the denial of the motion to dissolve. However, we agree with St. Marks that the trial court erred in refusing to impose a bond.

Florida Rule of Civil Procedure 1.610(b) provides that "[n]o temporary injunction shall be entered unless a bond is given by the movant in an amount the court deems proper, conditioned for the payment of costs and damages sustained by the adverse party if the adverse party is wrongfully enjoined." While a trial court is afforded discretion in setting the amount of bond for a temporary injunction, see Montville v. Mobile Med. Indus., Inc., 855 So. 2d 212, 215 (Fla. 4th DCA 2003), the court cannot waive the bond requirement of rule 1.610(b), nor can it comply by setting a nominal amount. See Forrest v. Citi Residential Lending, Inc., 73 So. 3d 269, 279 (Fla. 2d DCA 2011).

St. Marks properly argues that the trial court should have issued a bond pursuant to rule 1.610(b) when it denied the emergency motion to dissolve the temporary injunction. A bond is required for a temporary injunction absent

evidence of financial inability to maintain a bond, agreement of both sides, or any other recognized ground. See Dubner v. Ferraro, 242 So. 3d 444, 447–48 (Fla. 4th DCA 2018). While the trial court's order provides that "[n]o bond shall be required only through the stipulation of St. Marks," there is no record evidence that the parties waived or stipulated to a bond amount. It therefore appears that the temporary injunction is defective for failing to include a bond requirement.

We agree that the court erred by not setting a bond amount where there is no evidence of a stipulation to do so. In Supinski v. Omni Healthcare, P.A., 853 So. 2d 526, 532 (Fla. 5th DCA 2003), where there was confusion as to whether the parties stipulated to a bond amount, remand was necessary to conduct an evidentiary hearing concerning whether the bond amount was the subject of a stipulation of the parties. Similarly, we remand this matter back to the trial court to hold an evidentiary hearing on whether the parties stipulated to waiving a bond, and if no stipulation occurred, to hold a hearing addressing the proper amount of bond.

AFFIRMED in part; REVERSED and REMANDED.

WALLIS and EDWARDS, JJ., concur.