# Third District Court of Appeal

## State of Florida

Opinion filed January 15, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1330
Lower Tribunal No. 22-23474
_____

## Calixto Casanas, et al.,
Appellants,

vs.

## Julio Tandron, et al.,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

The Law Offices of Edward A. Maldonado, P.A., and Edward A. Maldonado, for appellants.

Jason Bloch; Bryan Calvo, for appellees.

Before LOGUE, C.J., and EMAS and LOBREE, JJ.

LOGUE, C.J.

This is an interlocutory appeal in a case arising from a dispute among officers and members over who controls the Gran Logia De Cuba A.L. &

A.M., Inc. ("the Lodge"). The order under review contains two provisions subject to this court's interlocutory jurisdiction: (1) the provision of the order enjoining the officers and members of one group from acting on behalf of the Lodge while the case is pending; and (2) the provision of the order directing the immediate turnover of real estate, personal property, and records from one party to another. For the reason stated below, we reverse these provisions of the order and remand without prejudice to further proceedings concerning any appropriate temporary injunctions pursuant to motions and procedures authorized by the governing rules.

## BACKGROUND

The Lodge is a non-profit, fraternal organization subject to 26 U.S.C. § 501(c). It is modeled after the Grand Lodge of Free & Accepted Masons of Florida (the "Florida Free Masons"). It is not, however, formally part of the Florida Free Masons. Some of its members wanted to change that status and formally join the Florida Free Masons. Others did not. This rift generated a battle for control over the Lodge.

On behalf of the group wanting to join the Florida Free Masons, Plaintiffs Calixto Casanas, Pablo Sanchez, Osmani Camejo, Felix Lorie, and Fraternidad Lodge No. 414, Inc. (collectively, the "Pro-Join Group") filed suit in the name of the Lodge against Defendants Julio Tandron, Luis Antonio

2

Borrero, and Armando Salas Amaro[1] (collectively, the "Anti-Join Group"). The complaint included counts for trespass, injunction, conversion, and constructive trust.

The Anti-Join Group answered and filed a third-party complaint, also in the name of the Lodge, against the Pro-Join Group. The third-party complaint included counts for a declaratory judgment, temporary injunction, permanent injunction, trespass, conversion, breach of fiduciary duty, fraud, and unjust enrichment.

The crucial issue in this lawsuit concerns which group represents the Lodge. This issue, of course, even controls who can bring suit in the name of the Lodge. The motion leading to the nonfinal orders under review was the Anti-Join Group's "Verified Threshold Motion in Limine to Determine and Recognize the Rightful Corporate Board with Authority to Bring Suit and, in the Alternative for Partial Summary Judgment."

In support of this motion, the Anti-Join Group filed affidavits, depositions, and documents asserting that, when no elections were conducted as required by the governing documents, they properly conducted elections that put their group in control of the Lodge. For example, Leonardo

---

[1] A suggestion of death was filed early in the lawsuit for Amaro.

Alpizar filed an affidavit attesting he is the current Grand Master (President) of the Lodge and that Calixto Casanas is only a former Grand Master whose term expired March 21, 2021.

In opposition to the motion, the Pro-Join Group filed affidavits, depositions, and documents asserting that the membership of the Lodge voted to transition the Lodge to join the Florida Free Masons. For example, Osmani Camejo filed an affidavit attesting that the Lodge's officers and membership had been debating and planning the transition for years and had conducted all required votes and other actions to change from a "clandestine" lodge to one recognized as a member of the Florida Free Masons. To accomplish this transition, the Lodge cut back its operations, stopped conducting elections, and began transferring assets to a newly created entity, the Fraternidad Lodge No. 414, Inc., which operated in the property owned by the Lodge. In compliance with the agreed, voted-upon plan, a substantial body of the membership joined this new organization. This new entity was the vehicle used to join the Florida Free Masons.

Both groups have filed affidavits suggesting that the circumstances have been further confused by conspiracy, burglary, and theft. At various points, the different groups apparently canceled the membership of members from the other group. The parties vehemently disagree about the

4

composition of the most recent boards. The parties also vehemently disagree about the facts surrounding a June 2, 2019 meeting, which both sides agree is critical to the outcome of this dispute.

The trial court ruled on this motion in its "Final Order Granting Defendants' Verified Threshold Motion Regarding Plaintiff's Standing, Dismissing Plaintiff's Complaint and Granting Summary Judgment as to the Third-Party Complaint Counts 1-4, 9." This order dismissed the Pro-Join Group's complaint with prejudice; entered a "final judgment" on the counts for injunctive relief and declaratory judgment as to corporate control and trespass; enjoined the members of the Pro-Join Group from acting on behalf of the Lodge; ordered the Pro-Join Group to immediately vacate the Lodge's building and turn over bank accounts and other property; required an accounting; and recognized certain individuals as the officers of the Lodge. Significantly, however, it left pending the counts claiming damages for conversion, breach of fiduciary duty, fraud, and unjust enrichment. It indicated those counts would be set for trial. The Pro-Join Group timely filed an appeal.

## ANALYSIS

Although labeled a "Final Order" and professing to enter "Final Judgment" on certain counts of the Anti-Join Group's third-party complaint,

5

the order leaves pending before the trial court other counts of the third-party complaint "interdependent with other pleaded claims." Fla. R. App. P. 9.110(k). For this reason, the "Final Order" is not a final appealable order. Camargo v. Prime W., Inc., 225 So. 3d 912, 913 (Fla. 3d DCA 2017) (holding that an administrative stamp with language of finality did not convert a nonfinal order into a final order because there were pending claims); Belle Isle Assocs., Inc. v. Nine Island Ave. Condo. Ass'n, 990 So. 2d 1176, 1177 (Fla. 3d DCA 2008) (holding that an order captioned "final judgment" was not final because there was a pending counterclaim intertwined with the main action); S.L.T. Warehouse Co. v. Webb, 304 So. 2d 97, 99 (Fla. 1974) (stating that the test for finality is "whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected").

In filing this appeal, the Pro-Join Group recognized this aspect of the order. It filed its notice of appeal citing Florida Rules of Appellate Procedure 9.130(a)(3)(B) (nonfinal appeal of order granting injunction) and 9.130(a)(3)(C)(ii) (nonfinal appeal of order determining the right to immediate possession of property). We have jurisdiction over the portions of the "Final Order" covered by these provisions, namely the provisions entering

6

injunctions to take effect while the case is still pending and ordering the immediate turnover of property. We have no jurisdiction over, and accordingly do not address, the other provisions of the order.

In its appeal of these provisions of the order, the Pro-Join Group notes that these provisions turn on the resolution of the factual dispute regarding whether the membership of the Lodge properly voted and acted to transition the Lodge to membership in the Florida Free Masons as maintained in the affidavits, depositions, and documents filed by the Pro-Join Group or whether the membership properly voted to elect new board members to prevent this transition as maintained in the affidavits, depositions, and documents filed by the Anti-Join Group. The order adjudicates these disputed factual issues against the Pro-Join Group and for the Anti-Join Group. Noting that there was no trial or evidentiary hearing on these issues, the Pro-Join Group argues that the trial court failed to resolve the disputed factual issue in a manner authorized by the governing rules.

Significantly, the order does not comply with the strict requirements governing issuance of a temporary injunction.

> The well-established requirements for the issuance of a temporary injunction are: (1) the likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm

7

to the respondent; and, (4) the entry of the injunction will not disserve the public interest.

Biscayne Park, LLC v. Wal-Mart Stores E., LP, 34 So. 3d 24, 26 (Fla. 3d DCA 2010). "'Clear, definite, and unequivocally sufficient factual findings' must support each of these four criteria before the court may enter the injunction." Wade v. Brown, 928 So. 2d 1260, 1261 (Fla. 4th DCA 2006) (quoting Aerospace Welding, Inc. v. Southstream Exhaust & Welding, Inc., 824 So. 2d 226, 227 (Fla. 4th DCA 2002)). The order under review does not expressly address any of these elements. It does not even contain the words "irreparable," "harm," "remedy," "likelihood," "public," or "policy."

The Anti-Join Group responds with three arguments. First, the Anti-Join Group argues that the trial court properly resolved the issues by partial summary judgment. This would be true except for the fact that the filings before the trial court revealed disputed issues of material fact. "Summary judgment," of course, "is not designed to resolve disputed issues of fact." CG Tides LLC v. SHEDDF3 VNB, LLC, 388 So. 3d 1081, 1084 (Fla. 3d DCA 2024). "Summary judgment 'by no means authorizes trial on affidavits.'" Id. at 1085 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). Once a court determines the summary judgment record contains conflicting evidence on a material issue of fact from which a factfinder could reach different conclusions by crediting some evidence over other evidence, the

court does not resolve the factual dispute." Id. Because the facts were disputed, the trial court could not resolve the factual disputes on summary judgment. Therefore, summary judgment does not provide a vehicle to enjoin the Pro-Join Group or order them to immediately transfer property on the record before us.

Next, the Anti-Join Group argues that the trial court could resolve these factual issues in a motion in limine that challenged the standing of the Anti-Join Group to bring suit in the first place. First, we doubt that a motion in limine is the proper vehicle to resolve the central, controlling issue underlying the merits of the entire case, namely who controls the Lodge:

> Generally, the purpose of a motion in limine is to prevent the introduction of improper evidence, the mere mention of which at trial would be prejudicial. However, where the motion is used to do more than merely exclude irrelevant or improper prejudicial evidence, the use of the motion begins to become improper. Thus, the courts have held that trial courts should not allow motions in limine to be used as unwritten and unnoticed motions for partial summary judgment or motions to dismiss.

Buy-Low Save Ctrs., Inc. v. Glinert, 547 So. 2d 1283, 1284 (Fla. 4th DCA 1989) (internal citations and quotation marks omitted).

Even if the motion was the proper vehicle, however, some authorized method had to be used to identify and resolve the factual disputes in this record that would determine the outcome of the motion. The trial court could

9

not, as it apparently did here, resolve the factual dispute based on some hybrid procedure that appears to be little more than a prohibited trial-by-affidavit, where the court acting as a factfinder decided to credit some affidavits over others. Although relied upon by the trial court, Rodriguez v. Gonzaga, 387 So. 2d 1054 (Fla. 5th DCA 1980), supports this conclusion because the appellate court in that case reversed the trial court's grant of the motion in limine and did so, not based on its resolution of disputed facts, but based on undisputed facts entered into evidence by stipulation.

Finally, the Anti-Join Group contends the trial court was authorized to resolve disputed facts in the manner it did by the statute governing not-for-profit corporations. The statute empowers a trial court to "summarily order the director [of a not-for-profit corporation] to relinquish his or her office and turn over corporate records upon application of any member" if "a director who is removed does not relinquish his or her office or turn over records." § 617.0808(1)(h), Fla. Stat. (2024). It is not clear in the record before us that this statute applies.[2] In any event, while the statute empowers the court to

---

[2] Plus, there is insufficient evidence that subsection (1)(h) even applies here. The statute does not require non-profits described in 26 U.S.C. § 501(c) to incorporate subsection (1)(h). It simply permits them to do so at their discretion. Subsection (2) provides that:

> A director of a corporation described in s. 501(c) of the Internal Revenue Code may be removed from

10

remove the director "summarily," we do not read this statute as empowering the court to resolve disputed issues of fact in any manner other than those provided for in the governing rules.

## CONCLUSION

The order under review contains two provisions subject to this Court's interlocutory jurisdiction: (1) the provision of the order enjoining the officers and members of one group from acting on behalf of the Lodge while the case is pending; and (2) the provision of the order directing the immediate turnover of real estate, personal property, and records from one party to another. For the reasons stated, we reverse these provisions of the order and remand without prejudice to further proceedings concerning any appropriate temporary injunctions pursuant to motions and procedures authorized by the governing rules.

---

office pursuant to procedures provided in the articles of incorporation or the bylaws, and the corporation <u>may provide in the articles of incorporation or the bylaws that it is subject to the provisions of subsection (1)</u>.

§ 617.0808(2), Fla. Stat. (2024) (emphases added) (footnote omitted).

It is undisputed that the Lodge is a fraternal organization described in 26 U.S.C. § 501(c). Subsection (1)(h) was not incorporated into the Lodge's articles of incorporation. And the portion of the bylaws in the record do not include subsection (1)(h) either. There is therefore insufficient evidence that subsection (1)(h) applied to the Lodge.

11